W. Willard WIRTZ, Secretary of Labor, United States Department of Labor

v.

DISTRICT COUNCIL NO. 21, BROTHER-HOOD OF PAINTERS, DECORATORS, AND PAPERHANGERS OF AMERI-CA (BPDP), An Unincorporated Association.

No. 30371.

United States District Court
E. D. Pennsylvania.
Nov. 27, 1962.

Joseph D. Guilfoyle, Acting Asst. Atty. Gen. and Drew J. T. O'Keefe, U. S. Atty., for appellant.

Meranze, Katz & Spear, Joseph B. Meranze, Philadelphia, Pa., for defendant.

LUONGO, District Judge.

This is an action brought by the Secretary of Labor under § 402(b) of the Labor-Management Reporting and Disclosure Act of 1959 [29 U.S.C.A. § 482 (b)], hereinafter LMRDA, to set aside an election for Secretary-Treasurer held by defendant, District Council No. 21, on June 24, 1961. Defendant Union, relying on the Seventh Amendment and Rule 38, has demanded a jury trial. Plaintiff has moved to strike this demand.

Title IV of the LMRDA [29 U.S.C.A. Subchapter V] deals with election of union officers, and § 401 [29 U.S.C.A. § 481] contains the minimum procedural requirements which unions must follow

in electing officers. Failure to comply with these requirements gives a union member the right to challenge an election under procedures outlined in § 402 [29 U.S.C.A. § 482]. That section authorizes a union member, after first exhausting union remedies, to file a complaint with the Secretary of Labor alleging violations of § 401 [29 U.S.C.A. § 481]. Once a complaint has been filed the duty to investigate and institute judicial proceedings vests in the Secretary of Labor.

■ Subsections 402(b) and (c) [29 U.S.C.A. § 482(b) and (c)] provide:

"(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this title has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal officer to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Secretary and in accordance with the provisions of this title and such rules and regulations as the Secretary may prescribe. The court shall have power to take such action as it deems proper to preserve the assets of the labor organization.

"(c) If, upon a preponderance of the evidence after a trial upon the merits, the court finds—

"(1) that an election has not been held within the time prescribed by section 401 [29 U.S.C.A. § 481], or

"(2) that the violation of section 401 [29 U.S.C.A. § 481] may have affected the outcome of an election,

the court shall declare the election, if any, to be void and direct the conduct of a new election under supervision of the Secretary and, so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization. The Secretary shall promptly certify to the court the names of the persons elected, and the court shall thereupon enter a decree declaring such persons to be the officers of the labor organization. * * *"

The question before me is whether in judicial proceedings brought under § 402 (b) and (c) [29 U.S.C.A. § 482(b) and (c)] the parties are entitled to a jury trial. The answer to that question depends upon whether the parties have a constitutional right under the Seventh Amendment[1] to a jury trial, or whether the right has been given to them by a federal statute.

■ The conventional test for determining whether a party has a constitutional right to trial by jury is whether he was entitled to have the issue tried by a jury at common law. 2 Moore's Federal Practice ¶ 2:02; Ettelson v. Metropolitan Life Ins. Co., 137 F. 2d 62 (3rd Cir. 1943), cert. den. 320 U.S. 777, 64 S.Ct. 92, 88 L.Ed. 467 (1943). This test has been discussed by Professor Moore in the following terms:

"If the plaintiff alleges a claim for and prays damages it is one at law for the purpose of determining the right of jury trial. If the plaintiff alleges a claim for and prays equitable relief it is one in equity and there is no right of jury trial."
5 Moore's Federal Practice ¶ 38:17.

In the instant case plaintiff prays that an election be set aside, that the officers be enjoined from transferring or disposing of assets and that a new election under the supervision of plaintiff be or-

---

1. Rule 38, also relied on by defendant effects no substantive change in the constitutional right to trial by jury. It is merely a reaffirmation of that right. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). As such, the discussion pertaining to the right to jury trial under the Seventh Amendment is equally applicable to the right to jury trial under Rule 38.

dered. The basic relief sought is injunction. As such the matter is equitable,[2] and there is no right to a jury trial.[3] 5 Moore's Federal Practice ¶ 38:24, ¶ 38:29.

The cases cited by defendant, Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958) and Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), are not helpful to its position. Those cases, as well as the more recent one of Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), involved legal issues (e. g. breach of contract, negligence) with claims for money damages, issues traditionally triable to a jury and, therefore, constitutionally guaranteed by the Seventh Amendment. The teaching of the Beacon and Dairy Queen cases is simply that a court may not, in a case where both legal and equitable issues are involved, dispose of the equitable issues in such a manner as to deprive the parties of their right to a trial by jury on the legal issues. In the instant case, the relief sought is purely equitable in nature and involves no legal issues and no claim for money damages. The cases cited by defendant do not, therefore, support its demand for a jury trial on constitutional grounds.

Since defendant is not entitled to a trial by jury under the Seventh Amendment, the question remains whether Congress has, by statute, granted that right to the defendant. The section in question, § 402 [29 U.S.C.A. § 482] contains no express reference to trial by jury and defendant has not cited any other section or statute which grants it.

Where Congress has intended trial by jury under circumstances where the right was not constitutionally guaranteed, it has *expressly* so provided.[4] Since Congress referred to "the court" in at least three separate instances in § 402 (b) and (c) [29 U.S.C.A. § 482(b) and (c)] and at no time made reference to a "jury", I can only conclude that Congress did not intend to grant such a right under circumstances here involved.

### ORDER

AND NOW, this 27th day of November, 1962, plaintiff's Motion to Strike Defendant's Demand for Jury Trial is granted.

---

2. At common law quo warranto proceedings were available to challenge an election of public officials or corporate officers. Neither at common law, nor at present is the action of quo warranto available to challenge an election of officers in an unincorporated association. Relief in such cases, if there is to be any, must be supported by an equitable claim, hence, is cognizable only in equity. 44 Am.Jur., Quo Warranto § 35; 51 LRA (NS) 1127 (1914).

3. "Historically, the injunction is an equitable remedy, and whether negative or mandatory in form its function is preventive, prohibitory, protective, or restorative. * * *

"* * * [I]n an action solely for an injunction there is no right to jury trial." 5 Moore's Federal Practice ¶ 38:24 at pages 185–186.

4. E. g. under the Bankruptcy Act, 11 U.S. C.A. § 42; in Admiralty and Maritime cases, 28 U.S.C.A. § 1873.