**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**NATIONAL MARITIME UNION OF AMERICA, Defendant.**

**No. 66 CIV 4519.**

United States District Court
S. D. New York.

May 4, 1967.

Robert M. Morgenthau, U. S. Atty., by Arthur S. Olick, Asst. U. S. Atty., New York City, for plaintiff.

Abraham E. Freedman, New York City, for defendant.

## MEMORANDUM OPINION
## MOTION TO STRIKE DEMAND
## FOR JURY TRIAL

MOTLEY, District Judge.

This is a civil action brought by the Secretary of Labor to set aside a union election under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 [29 U.S.C. § 481 et seq.], hereinafter L.M.R.D.A. Pursuant to Rule 38, Fed.R.Civ.P., the plaintiff moved for an order striking defendant's demand for a trial by jury.

Rule 38(a) of the Federal Rules of Civil Procedure provides that

"The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a stat-

ute of the United States shall be preserved to the parties inviolate."

In determining whether defendants here have a right to a trial by jury we must, in the first instance, inquire as to whether under the common law rules in effect at the time of the adoption of the Seventh Amendment there would have been a right to trial by jury in a case of this nature. Defendant urges the court that this action is in the nature of the common law remedy of *quo warranto* and that since defendants were entitled to a trial by jury in *quo warranto* actions at common law, defendant here is likewise entitled to a jury trial. In connection with this proposition, defendant cites: St. John the Baptist Greek Catholic Church v. Gengor, 118 N.J.Eq. 467, 180 A. 379 (1935); Grant v. Elder, 64 Colo. 104, 170 P. 198 (1917); State v. Standard Oil Company of Kentucky, 120 Tenn. 86, 110 S.W. 565 (1908); People v. Albany and Susquehanna Railroad Company, 57 N.Y. 161 (1874). These cases all involved corporations.

■ Defendant's reliance upon *quo warranto* as a means of justifying its demand for a jury trial in the instant action is entirely misplaced. At common law, *quo warranto* was available to challenge the election of public officials and corporate officers. It was not and is not available to challenge the election of officers in an unincorporated association. Wirtz v. District Council No. 21, Brotherhood of Painters, Decorators and Paperhangers of America, 211 F.Supp. 253 (E.D.Pa.1962); 74 C.J.S. *Quo Warranto* §§ 8, 9 (1951). The cases upon which defendant relied in an attempt to analogize the instant action to a common law *quo warranto* action, supra, are inapposite in that they all involved corporations and not unincorporated associations. Defendant cannot refashion this ancient form of action to fit its present day mold.

The line of cases cited by defendant in which the courts have held there is a continued right to trial by jury has no application here, since in each of these cases there was some legal right at stake which

constitutionally required a right to trial by jury. Simler v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963) (suit to determine amount of fees owed to a lawyer); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) (debt on a contract; money damages for trademark infringement); Beacon Theatres Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) (treble damages antitrust suit); Byrd v. Blue Ridge Rural Electrical Co-op., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953, rehearing denied 357 U.S. 933, 78 S.Ct. 1366, 2 L.Ed.2d 1375 (1958) (negligence —money damages); Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486 (5th Cir. 1961) (issues of fact in private anti-trust counterclaim); Ettelson v. Metropolitan Life Insurance Co., 137 F.2d 62 (3rd Cir. 1943), cert. denied 320 U.S. 777, 64 S.Ct. 92, 88 L.Ed. 467 (1943) (defense of fraud); Wirtz v. Thompson Packers, Inc., 224 F.Supp. 960 (E.D.La.1963) (action for back wages); United States v. Jepson, 90 F.Supp. 983 (D.N.J.1950) (action to recover rents— money judgment only); Olearchick v. American Steel Foundaries, 73 F.Supp. 273 (W.D.Pa.1947) (action to recover overtime compensation—money judgment only). We find no common law right here, either under a *quo warranto* approach or any other theory, such as to require trial by jury.

■ Defendant not having the jury trial as of right from the common law, the question remains whether the right has been given defendants by this statute. Sec. 402 [29 U.S.C.A. § 482] of the L.M.R.D.A., the section in question, makes *no* mention of trial by jury. However, Secs. 402(b) and (c) [29 U.S.C. § 482(b) (c)] refer three times to the power of or action to be taken by "the court" under this statute. A search of the legislative history of the L.M.R.D.A. reveals no instance in which Congress seemed to contemplate a right to a jury trial under this statute, but there are several references to the powers of and action to be taken by "the court" in accordance with the enforcement sections of

the election provisions of this statute. See, e. g., H.R.REP.No. 1147, 86th Cong., 1st Sess. 35 (1959); STAFF OF SENATE SUBCOMM. ON LABOR AND PUBLIC WELFARE, 86th CONG., 1st SESS., SECTION-BY-SECTION ANALYSIS OF THE LABOR-MANAGEMENT REPORTING AND DISCLOSURE ACT OF 1959 13 (Comm.Print. 1959).

 Since there is no constitutional right to trial by jury in action of this kind, and since Congress did not expressly grant such a right under this statute, the court will not imply any such right, but must conclude that none was intended. Therefore, plaintiff's motion to strike defendant's demand for a jury trial is granted. Wirtz v. District Council No. 21, supra.