**Charles LAWTON, Jr., by and through his next friend and father, Charles Lawton, Sr., Plaintiff,**

**v.**

**Homer NIGHTINGALE, Supt. Board of Education, Washington Local School District, et al., Defendants.**

**No. C 70-343.**

United States District Court,
N. D. Ohio, W. D.

June 27, 1972.

Nathan K. Miller, Toledo, Ohio, for plaintiff.

Patrick J. Johnson, Toledo, Ohio, for defendants.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge:

This is a civil rights action, brought under the provisions of Title 42 U.S.C. § 1983. In its present posture, the only issue remaining to be considered is the right of the plaintiff to recover damages. The defendants timely filed a demand for jury trial of this issue. This Court, *sua sponte*, issued an order to the defendants to show cause why their demand for a jury trial should not be stricken.

The defendants have responded to this order by claiming that under the Seventh Amendment to the Constitution all actions for damages, even those incidental to actions primarily for equitable relief, are triable to a jury. As authority for this position they cite Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), and Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S. Ct. 894, 8 L.Ed.2d 44 (1962), together with several decisions of the Circuit Courts of Appeals, including Bereslavsky v. Kloeb, 162 F.2d 862 (6th Cir.1947).

It might perhaps be useful at this point to refer to the language of the Constitution itself, rather than the gloss put upon it by the courts. The Seventh Amendment is brief, simple, and explicit.

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

It cannot be pretended that the present action is a "Suit at common law." Quite the contrary, the action is brought under a statute, and the enactment of the statute itself was under the provisions of the Fourteenth Amendment to the Constitution. Hence the authorities cited by the defendants, dealing as they do with totally different factual and legal situations are without authority in the present case.

The law is well established that the various special statutory actions which have been created from time to time since the adoption of the Seventh Amendment do not come within the meaning of common law. *See e.g.*, Sherman Act, 15 U.S.C. § 1 et seq.; Clayton Act, 15 U.S.C. § 15 et seq.; Securities Act of 1933, 15 U.S.C. § 77a et seq.; National Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 et seq.; McFerren v. County Board of Ed. of Fayette Co., Tenn., 455 F.2d 199 (6th Cir.1972).

For some reason, perhaps because it is so obvious that no one has previously raised and insisted upon the question, there do not appear to be any cases specifically holding that the Seventh Amendment right to a trial by jury does not apply to civil rights cases under § 1983. This Court, however, has no difficulty in so holding, not only because the constitutional language is too clear to permit any other conclusion, but also because a contrary holding would, in many instances, totally defeat the purposes of § 1983.

If a jury could be resorted to in actions brought under this statute, the very evil the statute is designed to prevent would often be attained. The person seeking to vindicate an unpopular right could never succeed before a jury drawn from a populace mainly opposed to his views.

This is particularly the problem in the present case, where the plaintiff is so unpopular, scorned, and condemned that

this Court's granting of preliminary injunctive relief provoked rioting among his protesting fellow students, and editorial denunciation from the local information media. It is unlikely that even a change of venue could offset these public views, which arise from emotional reactions to matters which have no real relationship, either in fact or in law, to the issues in this case.

The defendants cite no case which specifically holds that the Seventh Amendment right to jury trial is applicable to actions for damages brought under the provisions of Title 42 U.S.C. § 1983. In the absence of such precise authority for their position, and for the reasons stated in this memorandum, it is

Ordered that the demand of the defendants for a jury trial of the remaining issue of damages should be and hereby is stricken.