**Roger Allen BUSS, Plaintiff,**

v.

**Paul L. DOUGLAS et al., Defendants.**

**No. CV72–L–315.**

United States District Court,
D. Nebraska.

March 27, 1973.

Kirk E. Naylor, Jr., Lincoln, Neb., for plaintiff.

J. Arthur Curtiss, Lincoln, Neb., for defendants.

## MEMORANDUM AND ORDER ON DEMAND FOR JURY TRIAL

URBOM, Chief Judge.

This matter is before the court on the defendants' timely demand for a jury trial, filing No. 21, made pursuant to Rule 38 of the Federal Rules of Civil Procedure.

The plaintiff has brought a civil rights action asserting jurisdiction under the provisions of 28 U.S.C. § 1343, and seeking under authority of 42 U.S.C. § 1983 exemplary damages in the amount of $1,000.00 and the return of $509.00 allegedly taken from the plaintiff by the defendants without due process of law.

Nothing is stated in 42 U.S.C. § 1983 about whether lawsuits should be tried to a court or to a jury. The defendants assert that if an action is brought pursuant to statutory authority and the "statute is analogous to a suit at common law, then a jury trial is also guaranteed under that statute." As one commentator noted:

> "Where the legislature says nothing about how a new remedy is to be tried, the courts fit it into the nearest historical analogy to determine whether there is a right to a jury trial."
>
> James, Civil Procedure, 1965, at § 8.1

See, Wright, The Law of Federal Courts, 2d ed., at 404–405; and 5 Moore's Federal Practice, ¶ 38.11[7]. Under the historical analogy analysis, if a claim presents what would have been at common law an "equitable" claim, there is no right to a jury trial, and, if the claim would have been "legal" in nature at

common law, it may be triable to a jury today. See, Parsons v. Bedford, 28 U.S. (3 Pet.) 433, 7 L.Ed. 732 (1830); Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Dasho v. Susquehanna Corporation, 461 F.2d 11 (C.A. 7th Cir. 1971); Heyman v. Kline, 456 F. 2d 123 (C.A. 2d Cir. 1972).[1]

Such historical analysis is necesary in view of the Seventh Amendment of the Constitution of the United States which guarantees that:

> "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ."

The application of this type of analysis can readily be seen in the recent case of Rogers v. Loether, 467 F.2d 1110 (C. A.7th Cir. 1972), in which a suit was brought under the Civil Rights Act of 1968, 42 U.S.C. § 3612, to recover compensatory and punitive damages and injunctive relief from a landlord for discriminatory renting practices. The court held that the action was in the nature of an action at common law and that the defendant was entitled to a jury trial. Three reasons were put forward for this holding: that the proceeding was of a judicial character, rather than administrative or "statutory"; that the "remedy sought, including both compensatory and punitive damages, is the relief most typical of an action at law"; and that the nature of the substantive right asserted, although not specifically recognized at common law, is analogous to common law rights (finding that an English innkeeper who refused without justification to rent lodgings to a traveler was subject to an action at law triable to a jury). The court held:

> "We therefore conclude that a suit for damages for discrimination in the sale of rental or housing facilities is sufficiently analogous to a suit at common law to be appropriately characterized as a 'legal' claim triable to a jury."

In the context of suits brought pursuant to 42 U.S.C. § 1983, in which school teachers requested reinstatement and back pay for having been discharged for racially motivated reasons, courts have held that such suits, even though back pay was requested, were equitable in nature and not triable to a jury. McFerren v. County Board of Education of Fayette County, 455 F.2d 199 (C.A.6th Cir. 1972), cert. denied, 407 U.S. 934, 92 S. Ct. 2461, 32 L.Ed.2d 817 (1972); Harkless v. Sweeny Independent School District, 427 F.2d 319 (C.A.5th Cir. 1970), cert. denied, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1970). In a case brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., claims seeking injunctive relief and back pay for the unconstitutional discharge of employees have been held to represent equitable claims not triable by jury. Ochoa v. American Oil Company, 338 F. Supp. 914 (S.D.Texas 1972); and note, "Employment Discrimination and Title VII of the Civil Rights Act of 1964," 84 Harv.L.Rev. 1109, 1266–1268 (1971). A suit brought by an inmate, construed as a suit under § 1983, wherein the plaintiff alleged that he was being denied his free exercise of religion, was held to be essentially injunctive and equitable in nature and not triable by jury. Lee v. Crouse, 284 F.Supp. 541 (D.C.Kan.1967), aff'd, 396 F.2d 952 (C.A.10th Cir. 1968). Finally, in Turner v. Fouche, 290 F.Supp. 648 (S.D.Ga.1968), vacated on other grounds, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970), a three-judge court, in holding that jury commissioners should be enjoined from systematically excluding Negroes from the grand jury system, apparently decided that a claim for damages represented a legal claim properly triable to a jury, noting that there was "merit" to the defendants' demand for a jury trial on the question of damages but

---

1. See Leimer v. Woods, 196 F.2d 828 (8th Cir. 1952).

declining to award damages as a three-judge panel.

From the above-cited cases it is apparent that courts, whether in the framework of purely civil actions or of suits under the Civil Rights Act, attempt to determine whether the claims presented are legal or equitable in nature. The historical analogy test, and others, are used in making this determination, when a statute is silent on the matter of jury trials.

The defendants have suggested that, because the plaintiff is seeking exemplary damages, his claim is one at law and is cognizable for a jury trial. If analogies at common law were discernible, they probably would be diverse—an action at law for exemplary damages and a suit in equity for restitution of the $509.00. However, the possible analogy of an action for exemplary damages, the only one suggestive of a jury trial, is not adaptable to the present case, because at common law no action for damages, exemplary or otherwise, lay against public officials acting in their official capacities as agents of the sovereign. The present action is against public officials who were, according to the allegations of the complaint, acting within the scope of their authority.[2] The present action is brought, not with common law underpinnings, but as a direct result of a statute permitting in derogation of the common law claims for damages against public officials. This may have been the foundational argument implicit in the following quotation from Lawton v. Nightingale, 345 F.Supp. 683 (N.D.Ohio 1972):

"It cannot be pretended that the present action is a 'Suit at common law.' Quite the contrary, the action is

brought under a statute [42 U.S.C. § 1983], and the enactment of the statute itself was under the provisions of the Fourteenth Amendment to the Constitution.

\*  \*  \*  \*  \*  \*

"The defendants cite no case which specifically holds that the Seventh Amendment right to jury trial is applicable to actions for damages brought under the provisions of Title 42 U.S.C. § 1983."

No right to a jury trial permeates this case.

Therefore, it hereby is ordered that the defendants' demand for a jury trial is denied, and the case will be set for a nonjury session.

---

2.  It should be noted that the plaintiff has alleged that the defendants were acting within their authority in taking from the plaintiff $509.00. If he had alleged that the defendants were acting beyond their statutory authority, then perhaps the plaintiff could have sued at common law

without facing an immunity problem. See, Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Rhodes v. Houston, 202 F.Supp. 624 (D.C.Neb. 1962), aff'd, 309 F.2d 959 (8 Cir.), cert. denied, 383 U.S. 971, 86 S.Ct. 1282, 16 L.Ed.2d 311 (1966).