William W. MARR et al., Plaintiffs,

v.

Douglas RIFE et al., Defendants.

Civ. No. 70-218.

United States District Court,
S. D. Ohio, E. D.

Aug. 31, 1973.

James J. Kozelek, Columbus, Ohio, for plaintiffs.

John E. Holzapfel, Charles T. Kaps, Columbus, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter comes before the Court upon plaintiffs' motion to strike defendant Arntz' demand for a trial by jury, which demand was timely filed and contained in defendant's answer as required by Fed.R.Civ.P. 38(b). The question presented for decision is whether or not a right to jury trial exists, within the meaning of the Seventh Amendment to the United States Constitution, for what is solely a money damage action brought under the Civil Rights Act of 1866, 42 U.S.C.A. § 1982, and the Fair Housing Act of 1968, 42 U.S.C.A. §§ 3601 et seq.

The Seventh Amendment provides in part as follows: *"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."* (emphasis supplied). In determining whether a right to a jury trial exists in any given action, the basic inquiry to be made is whether such action, or more accurately, the particular claim in question, is historically one that could be brought at law. *See, e. g., Ross v. Bernhard*, 403 F.2d 909 (2d Cir. 1968), *rev'd on other grounds*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Wirtz v. District Council No. 21, BPDP*, 211 F.Supp. 253 (D.C.Pa. 1962); *Beacon Theatres v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Such inquiry requires in turn a determination first that the claim in question is "legal" rather than "equitable;" second, that such claim is triable to juries given their "practical abilities and limitations;" and third, that the parties would have been entitled to a jury trial upon such issue at the time of State ratification of the Seventh Amendment in 1791. *See* Ross v. Bernhard, 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); NLRB v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937); United States v. Louisiana, 339 U.S. 699, 70 S.Ct. 914, 94 L.Ed. 1216 (1950); Rogers v. Loether, 312 F.Supp. 1008 (E.D. Wis.1970). *See also*, 9 Wright and Miller, *Federal Practice and Procedure: Civil* § 2302 (1971).

Plaintiffs bring the instant action to recover compensatory and punitive damages for acts of racial discrimination allegedly committed against them by defendants in the negotiation for and sale of a house. There can be no doubt that the *remedy* plaintiffs seek is purely legal in nature; they are now in possession of the house they sought to acquire and thus do not require equitable intervention by this Court in the form of injunctive relief. Nor can there be any doubt, to the extent § 1982 controls the present action, that this Court has power to award at least compensatory damages to plaintiffs in fashioning a suitable remedy to vindicate their Federal constitutional rights, if such rights have in fact been infringed.[1] See Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 238–240, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969); Jones v. Mayer Co., 392 U.S. 409, 414, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964); Bivens v. Six Unknown Agents, 403 U.S. 388, 402–406, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (Harlan, J., *concurring*). See also, 42 U.S.C.A. § 1988.

But that the *remedy* sought (e.g., damages) is legal rather than equitable is the beginning, not the end, of the Court's inquiry. None of the recent Supreme Court cases construing the Seventh Amendment can be read to imply that all money claims are *per se* triable to a jury. *Accord*, Swofford v. B & W, Inc., 336 F.2d 406, 414 (5th Cir. 1964); Harkless v. Sweeny Independent School District, 427 F.2d 319, 323, 324 (5th Cir. 1970). Such a view would wholly disregard the historical antecedents of the Seventh Amendment, the "pre-merger custom" to which *Ross v. Bernhard,* the Court's most recent Seventh Amendment decision, expressly refers. 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1969).

In our view, a determination of the right to jury in this case turns on two related questions: First, could this action have been maintained at common law at the time the Seventh Amendment was adopted? Second, should the statutes which created this cause of action be characterized as basically legal or equitable?

At the time the United States Constitution, containing the first ten amendments, was adopted, slavery was a legal

---

1. The Court intimates no opinion at this time as to whether punitive damages are or are not available in the action at bar, and may before trial request briefs on this point. *But see*, Jones v. Wittenberg, 330 F.Supp. 707 (N.D.Ohio, W.D.1971) (Young, J.).

and economic fact of life, explicitly sanctioned by the infamous "Three-Fifths" Clause of Article I, Section 2.[2] It is tautological that actions alleging racial discrimination could not have then been maintained, for race discrimination had as its support the full weight and authority of law.

■ It was not until the adoption of the Civil War Amendments, in particular Amendment Thirteen, in 1865, that the institution of slavery was finally and formally thereafter prohibited. Pursuant to Section 2 of Amendment Thirteen, it remained for Congress to eradicate the vestiges of this institution by appropriate legislation.[3] The Civil Rights Act of 1866, *supra*, and the Fair Housing Act of 1968, *supra*, are each examples of such legislation, designed to implement by statute federal constitutional rights first created in 1865. In no sense can actions brought under these federal statutes be considered actions available at common law. *Accord,* Lawton v. Nightingale, 345 F.Supp. 683 (N.D.Ohio, 1972) (Young, J.); Rogers v. Loether, *supra* at 1010.

Unlike the Southern District Court of Texas in Ochoa v. American Oil Co., 338 F.Supp. 914 (1972), we do not find it necessary to search out common law analogues to the cause of action which this suit embraces.[4] This is so because (courts have generally construed Section 1982 and similar civil rights provisions to provide broad equitable relief, including incidental money damages where necessary to make such *equitable* relief effective.) See, Sullivan v. Little Hunting Park, *supra* at 238, 90 S.Ct. 400; Jones v. Mayer Co., *supra* at 414, 88 S.Ct. 2186; Bivens v. Six Unknown Agents, *supra,* at 399–411, 91 S.Ct. 1999 (1971) (Harlan, J., *concurring*); Harkless v. Sweeny Independent School District, *supra* at 324; Swofford v. B & W, Inc., *supra* at 414.

The *Ochoa* rationale was specifically rejected by the Fifth Circuit, see Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969); on this authority, the *Ochoa* court ultimately denied defendant American Oil Company's demand for trial by jury. 338 F. Supp. at 923. In the area of civil rights

---

2. "Representatives and direct Taxes shall be apportioned among the several States which may be included within this Union, according to their respective Numbers, *which shall be determined by adding to the whole Number of free Persons . . . three fifths of all other Persons . . . .* " (emphasis supplied)

3. Amendment XIII—Slavery Abolished.
    Section 1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.
    Section 2. Congress shall have power to enforce this article by appropriate legislation.

4. *Ochoa* was a suit for back pay and injunctive relief brought by black employees under the Title VII Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* alleging that the defendant company discriminated against them when it refused to renew their employment contracts. Implicitly rejecting the argument that plaintiffs' claim for money relief automatically converted their action into a "le-

gal" action, triable to a jury, the Court went on to examine pre-merger custom and concluded that the suit in issue was analogous to actions at law which historically existed for breach of contract by wrongful discharge. *Id.* at 918. Other cases support this approach. *See, e.g.,* Olearchick v. American Steel Foundries, 73 F.Supp. 273 (W.D.Pa.1947) (suit to recover overtime compensation under Fair Labor Standards Act analogized to action in assumpsit upon contract, at law; *held,* jury trial proper); United States v. Jepson, 90 F.Supp. 983, 986 (D.N.J.1950) (suit to recover rents collected in excess of maximum legal rents promulgated by Emergency Force Control Act of 1942 analogized to common law action for debt; *held*: jury trial proper); Leimer v. Woods, 196 F.2d 828 (8th Cir. 1952) (facts and holding similar to *Jepson*); Martin v. Detroit Marine Terminals, Inc., 189 F.Supp. 579, 582 (E.D.Mich.1960) (Fair Labor Standards Act damage action analogized to common law action of debt on assumpsit; *held*; jury trial proper); Damsky v. Zavatt, 289 F.2d 46 (2d Cir. 1961) (tax collection suit by United States; *held*: available at common law).

most courts have rejected the approach expounded in *Ochoa* and have concluded that, unless specifically authorized by statute, these claims are inherently equitable and are not triable to a jury. See *Robinson v. Lorillard Corp.*, 444 F.2d 791, 802 (4th Cir. 1971); *Johnson v. Georgia Highway Express, Inc.*, *supra* at 1125; *Ochoa v. American Oil Company*, *supra* at 923 n. 6; *Rogers v. Loether*, *supra* at 1010. To the extent that *Ochoa* fails to adequately distinguish between "claims" and "remedies," see 338 F.Supp. at 920–921, we respectfully decline to adhere to its reasoning. To the extent *Ochoa* suggests that the availability of a legal remedy incidental to an equitable claim has been eradicated by *Beacon Theatres, supra; Dairy Queen, supra*; and *Ross v. Bernhard, supra,* we believe it is clearly in error, see *Bivens v. Six Unknown Federal Narcotics Agents, supra* at 403–404, 91 S.Ct. 1999 (Harlan, J., *concurring*) and reject that view.

██ Stated otherwise, a prayer for compensatory damages pursuant to Section 1982 and related sections is not an independent legal *claim*, (triable to a jury despite the joinder of such claim with an equitable claim. See *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); see also, *Ross v. Bernhard, supra* at 537–540, 90 S.Ct. 733, but rather "an integral part of the equitable *remedy*" which federal courts have broad power to fashion when federal constitutional rights are threatened. *Harkless v. Sweeny Independent School District, supra* at 324 (emphasis added). The power to fashion an appropriate equitable remedy in claims brought under the general Civil Rights Acts, including the awarding of monetary relief without resort to a jury, is part of this Court's "inherent equitable powers." *Textile*

*Workers v. Lincoln Mills*, 353 U.S. 448, 460, 77 S.Ct. 912, 1 L.Ed.2d 972 (Burton, J., *concurring in the result*), quoted in *Bivens v. Six Unknown Agents*, 403 U.S. 388, 404, 91 S.Ct. 1999, 29 L.Ed. 2d 619 (Harlan, J., *concurring*); see also, *Sullivan v. Little Hunting Park, Inc., supra* at 238–240, 90 S.Ct. 400, 24 L.Ed.2d 386; *J. I. Case Co. v. Borak, supra*; *Sprague v. Ticonic National Bank*, 307 U.S. 161, 165–166, 59 S.Ct. 777, 83 L.Ed. 1184; *N. L. R. B. v. Jones & Laughlin Steel Corp., supra*; *Harkless v. Sweeny Independent School District, supra* at 324; *Lawton v. Nightingale, supra*. See, generally, 5 Moore's Federal Practice, ¶ 38.27 at 2142 (2d ed.).

With the exception of the opinion of the district court in *Harkless v. Sweeny Independent School District*, 278 F.Supp. 632 (S.D.Tex.1970), which was expressly reversed on appeal by the Fifth Circuit, 427 F.2d 319, the defendant has cited no cases to this Court which support his position that a jury trial is available in a case arising under the Civil Rights Act of 1866, 42 U.S.C. § 1982. Similarly, this Court, after considerable independent research, has found none. We have found instead that the Supreme Court has expressly held that Congress, by enacting § 1982, has created an equitable cause of action for the protection of federally protected rights which can, at times, be remedied by the awarding of monetary damages. See *Jones v. Mayer Co., supra*; *Sullivan v. Little Hunting Park, Inc., supra*. Even the right of action created by § 1983, which is more ambiguous on its face regarding its legal or equitable nature, has been held to sound essentially in equity and is generally, even when incidental monetary relief is sought, considered to fall outside of the ambit effected and secured by the Seventh Amendment. See *Harkless v. Sweeny Independent School District, supra*; *Lawton v. Nightingale, supra.*[5]

---

5. The Supreme Court has never ruled on whether § 1983 creates a legal or equitable cause of action. This is at least partly caused by the ambiguity of the statute itself which specifically provides that every person who "under color of state law" subjects a citizen of the United States to the deprivation of his rights as secured by the Consti-

Accordingly, for the reasons and authorities set forth above, plaintiffs' motion to strike defendant's demand for trial by jury is granted. Defendant's demand for trial by jury is therefore denied.

tution "shall be liable to the party injured *in an action at law, suit in equity,* or other proper proceeding for redress." 42 U.S.C. § 1983 (emphasis added).

As we have noted above, some courts have deemed § 1983 to sound in equity, and therefore not to require trial by jury. Judge Young was most candid about why some courts so characterize § 1983 actions when he wrote:

If a jury could be resorted to in actions brought under [1983], the very evil the statute is designed to prevent would also be attained. The person seeking to vindicate an unpopular right could never succeed before a jury drawn from a populace mainly opposed to his views.

Lawton v. Nightingale, *supra* at 684. While not necessarily agreeing with his views on the capacities of juries, we note that other courts have suggested different approaches. See Ross v. Bernhard, *supra* at 538, n. 10, 90 S.Ct. 733, 24 L.Ed.2d 729; Ochoa v. American Oil Company, *supra* at 922 and n. 5.