Robert VAN ERMEN, Individually and on
behalf of all those similarly situated,
Plaintiff,

v.

Wilbur J. SCHMIDT, Individually and as
Secretary of the Department of Health
and Social Services, et al., Defendants.

No. 70–C–44.

United States District Court,
W. D. Wisconsin.

May 2, 1974.

Anthony J. Theodore, Corrections Legal Services Program, Madison, Wis., for plaintiff.

Atty. Gen. Robert Warren by James H. Petersen, Asst. Atty. Gen., Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action under 42 U.S.C. § 1983 for injunctive and monetary relief. Plaintiff has been granted leave to

proceed *in forma pauperis,* 28 U.S.C. § 1915. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3). Defendants have made a timely demand for trial by jury. Rule 38(b), Fed.R.Civ.P. Plaintiff has moved to strike the demand for jury trial.

In his amended and supplemental complaint, plaintiff alleges that from 1968 until March, 1972, he was confined at the Wisconsin State Prison, Waupun, and that since March, 1972, he has been confined at the Winnebago State Farm. The amended and supplemental complaint challenges the constitutionality of several prison regulations that were applied to plaintiff while he was at the Wisconsin State Prison. Acting pursuant to these regulations, the defendant corrections officials allegedly refused to deliver to plaintiff law books purchased by him and brought to the prison by his relatives, prohibited plaintiff from keeping law books from the prison library in his cell overnight and on weekends, and limited plaintiff's use of law books in the prison library to two hours per week. Plaintiff alleges that the application to him of these regulations denied him the opportunity to pursue post-conviction remedies while at the Wisconsin State Prison and violated his constitutional right of access to the courts. He seeks damages for himself and injunctive relief on his own behalf and on behalf of all inmates confined at institutions under the jurisdiction of the Wisconsin Division of Corrections.

I need not decide at this point whether the class action claim can be maintained or whether plaintiff's claim for injunctive relief has been mooted by his transfer to the Winnebago State Farm. For the reasons stated herein, I conclude that defendants are entitled to a jury

trial on the damage claim. My conclusion would not be changed by the outcome of either the class action or mootness issues. For purposes of this opinion only, I will assume that the proposed class action can be maintained, and that the claim for injunctive relief is not moot.

Defendants argue that the Seventh Amendment preserves their right to a jury trial on the damage claim and that this right was expressly recognized by Congress in the original Civil Rights Act of 1871.[1] They also maintain that "legal" issues, issues cognizable at law prior to the merger of law and equity, are triable to a jury regardless of the presence of equitable issues in the same case. Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). Noting that the Supreme Court has viewed § 1983 actions against a background of tort liability,[2] they contend that plaintiff's damage claim sounds in tort, that tort claims are traditional legal issues, and that defendants are entitled to a jury trial of those issues. Defendants cite a similar analysis employed by the Court of Appeals for this circuit in ruling that defendants in an action for damages under § 812 of the Civil Rights Act of 1968, 42 U.S.C. § 3612, were entitled to a jury trial.[3] Rogers v. Loether, 467 F. 2d 1110 (7th Cir. 1972).[4]

Plaintiff contends that the legislative history of the Civil Rights Act of 1871 discloses the intent of Congress to bar jury trials in non-criminal suits under the Act; that § 1983 actions are "statutory" proceedings unknown to the common law and thus beyond the scope of

1. The present 42 U.S.C. § 1983 is a slightly shortened version of § 1 of the Civil Rights Act of 1871 (Act of April 20, 1871, c. 22, § 1).

2. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

3. 42 U.S.C. § 3612 deals with discrimination in housing.

4. Subsequent to the filing of defendants' brief, the Supreme Court unanimously affirmed *Rogers,* sub. nom., Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

the Seventh Amendment, N. L. R. B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937); that plaintiff's action is predominantly equitable and that the incidental damage claim would have been cognizable at equity; that juries reflect general public prejudices and are, therefore, ill-suited for deciding § 1983 actions seeking to vindicate unpopular claims. Lawton v. Nightingale, 345 F.Supp. 683 (N.D.Ohio, 1972).

### Statutory Right to Jury Trial

42 U.S.C. § 1983 and its predecessors contain no specific provision for jury trial. Plaintiff urges that I read a denial of jury trial into the statute from debates in the Forty-Second Congress which preceded enactment of the Civil Rights Act of 1871. I find it unnecessary to delve into the legislative background since I conclude that the Act recognized that some civil actions arising under it would be tried to a jury and implied that the courts were to follow customary practice on the right to jury trial.

§ 2 of the Act proscribed combinations or conspiracies to obstruct enforcement of federal law or to interfere with judicial process. It provided civil, as well as criminal liability. § 5 of the Act, set out below,[5] required an oath of jurors stating that they had not aided or taken part in any combination or conspiracy defined in § 2. Plaintiff contends that § 5 was mandated by the Sixth Amendment and directed only to jurors in criminal prosecutions under § 2. I do not agree. § 2 expressly provided for civil liability and § 5 governed "any suit, [or] proceeding," as well as prosecution, under the Act. It contemplated jury trial of some civil actions.

Further recognition of jury trial in civil actions is found in the § 1 provision for relief through "an action at law, suit in equity, or other proper proceeding for redress." These several sections strongly suggest that the broad remedial powers granted by the Act were to be exercised in accordance with customary procedure, including trial by jury. Since the customary procedure as to jury trial is determined by the Seventh Amendment, I must decide whether that Amendment guarantees the defendants a jury trial.

### Constitutional Right to Jury Trial

The Seventh Amendment provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

■■ The right to a jury trial has been extended not only to those actions known to the common law at the time of passage of the Amendment in 1791 but also to all:

> " . . . suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered. . . . In a just sense, the amendment then may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights." Parsons v. Bedford, 3 Pet. 433, 447, 7 L.Ed. 732 (1830) (emphasis in original), quoted in Ross v. Bernhard, 396 U.S. 531,

---

5. "That no person shall be a grand or petit juror in any court of the United States upon any inquiry, hearing, or trial of any suit, proceeding, or prosecution based upon or arising under the provisions of this act who shall, in the judgment of the court, be in complicity with any such combination or conspiracy; and every such ju-

ror shall, before entering upon any such inquiry, hearing, or trial, take and subscribe an oath in open court that he has never, directly or indirectly, counselled, advised, or voluntarily aided any such combination or conspiracy." Act of April 20, 1871, c. 22, § 5.

533, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).

No distinction is made for purposes of jury trial between legal claims arising under the common law and legal claims arising under statutory law.[6] Curtis v. Loether, 415 U.S. 189, 193–196, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

Where equitable and legal claims are joined in the same action and a jury trial is demanded, only the most extraordinary circumstances can justify a denial of a jury trial on the legal claims.[7] Characterization of the legal claims as incidental to the equitable claims cannot justify striking the jury demand. Dairy Queen v. Wood, 369 U.S. 469, 470, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). The right to a jury "depends on the nature of the issue to be tried rather than the character of the overall action [footnote omitted]." Ross v. Bernhard, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1962).

Plaintiff here seeks injunctive and monetary relief. Clearly, the injunctive claim is equitable and a jury is not required. There is no simple answer to the question of whether the damage claim requires a jury. Not every claim for monetary relief is triable to a jury as a matter of right.[8] Traditionally,

---

6. Plaintiff cites N. L. R. B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937), in support of his argument that no jury trial is required of a claim arising under statute since such a claim would have been unknown to the common law in 1791. *Jones & Laughlin* held that the Seventh Amendment did not apply to a hearing on an unfair labor practice charge before the Labor Board: "The instant case is not a suit at common law or in the nature of such a suit. The proceeding is one unknown to the common law. It is a statutory proceeding." 301 U.S. at 48.

The Seventh Amendment was held inapplicable to the Labor Board hearing not because the substantive rights were created by statute but because the forum was administrative rather than judicial. Administrative proceedings are not in the nature of a suit at common law. *Curtis, supra,* at 4261; Hart and Wechsler, The Federal Courts and the Federal System 338 (2d ed. 1973).

7. Beacon Theatres v. Westover, 359 U.S. 500, 510–511, 79 S.Ct. 948, 957, 3 L.Ed.2d 988 (1959), observed: ". . . [O]nly under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate [footnote omitted], can the right to a jury trial of legal issues be lost through prior determination of equitable claims." [citation omitted]. Subsequent to *Beacon Theatres,* the Supreme Court rejected a claim of right to a jury trial in Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). In *Katchen,* a claimant in a corporate bankruptcy sought a jury trial on the question of whether certain payments he had made as a trustee for the corporation to his personal advantage were voidable preferences that were to be returned to the *res.* If the claimant had not submitted a claim in the bankruptcy proceeding, he apparently would have been entitled to a jury trial in a federal plenary action by the bankruptcy trustee for the amount of the preferences. The Court held, however, that since he had entered a claim in bankruptcy his legal claim was converted into an equitable claim to a pro rata share of the *res* and that neither *Beacon Theatres* nor *Dairy Queen,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), guaranteed a right to a jury trial in such circumstances. 382 U.S. at 336–339. It noted:

"[I]n cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control." 382 U.S. 337, quoting Barton v. Barbour, 104 U.S. 126, 133–134, 26 L.Ed. 672 [(1881)]. *Katchen,* like *Jones & Laughlin,* involved proceedings of a special nature and has no application to the present matter.

8. Jury trials on claims for monetary relief have been denied in the following circumstances: (1) In an action for refund of excess rent under the Emergency Price Control Act of 1942 on the alternative grounds that the refund was restitution or was mandatory injunctive relief to restore the status quo from changes that took place during the pendency of the action. Porter v. Warner Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946). (2) In an action by the Secretary of Labor under the Fair Labor Standards Act for payment of overtime compensation withheld and minimum wage on grounds that public rights were being enforced and, implicitly, on restitution theory, Wirtz v.

where a new cause of action was created by Congress, and nothing was said about the mode of trial, the courts looked to the "nearest historical analogy" at common law to decide whether there was a right to a jury. 9 Wright and Miller, *Federal Practice and Procedure*, Civil § 2302; cited with approval in Rogers v. Loether, 467 F.2d 1110, 1116 n. 20 (7th Cir. 1972). Two additional guides to the right to jury trial were suggested in *Ross* (396 U.S. at 538 n. 10):

> As our cases indicate, the "legal" nature of an issue is determined by *considering, first, the pre-merger custom* with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries. Of these factors, the first, requiring extensive and possibly abstruse historical inquiry, is obviously the most difficult to apply. [Citation omitted].

*Curtis* provides some clarification of the *Ross* footnote. While acknowledging the continued vitality of the historical approach, it makes clear that the nature of the relief sought is a more important test. 415 U.S. at 193–196. It is silent on the limitations of a jury as a guide to the legal nature of an issue.[9]

In the present action, both the relief sought and historical analogy indicate a right to jury trial. Plaintiff seeks money damages for an injury suffered. Such relief has customarily been awarded by a jury at law. ·The nearest historical analogy I have found to a damage claim for denial of access to the courts is a damage claim for denial of the right to vote.[10] Nixon v. Herndon, 273 U.S. 536, 47 S.Ct. 446, 71 L.Ed. 759 (1927), held that denial of the right to vote in a primary election because of race stated a cause of action under the predecessor to 42 U.S.C. § 1971(a)(1)[11] and that damages could be recovered at law (273 U.S. at 540):

> That private damage may be caused by such political action and may be recovered for in a suit at law hardly has been doubted for over two hundred years, since Ashby v. White, 2 Ld. Raym. 938, 3 Ld.Raym. 320 [K.B. (1703)], and has been recognized by this Court. Wiley v. Sinkler, 179 U.S. 58, 64, 65, 21 S.Ct. 17, 45 L.Ed. 84 [(1900)]. Giles v. Harris, 189 U.S. 475, 485, 23 S.Ct. 639, 47 L.Ed. 909 [(1903)]. ·

Ashby v. White, a decision of the highest common law court of England, held that an election official was liable in damages for refusing to allow an elector to participate in voting for members of Parliament. Wiley v. Sinkler upheld a

---

Jones, 340 F.2d 901 (5th Cir. 1965). (3) In actions for back pay and reinstatement under § 1983 and Title VII of the 1964 Civil Rights Act on the ground that back pay was not a separable legal claim. McFerren v. County Board of Education, 455 F.2d 199 (6th Cir. 1972), cert. denied, 407 U.S. 934, 92 S.Ct. 2461, 32 L.Ed.2d 817 (1972); Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970), cert. denied, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971); Smith v. Hampton Training School for Nurses, 360 F.2d 577 (4th Cir. 1966); Hayes v. Seaboard Coast Line R.R. Co., 46 F.R.D. 49 (S.D.Ga.1968). (4) On claims for exemplary damages and attorney fees in an action for patent infringement on the ground that such awards are available only at law but that historically there is no right to jury trial on these matters. Swofford v. B & W, Incorporated, 336 F.2d 406 (5th Cir. 1964). (5) In an action for damages under § 1983 on grounds that the Sev-

enth Amendment does not apply to statutory actions and that the unpopularity of plaintiff's claim makes impossible empanelling an impartial jury. Lawton v. Nightingale, 345 F.Supp. 683 (N.D.Ohio 1972).

Only the *Lawton* case deals with the issues raised in the present action and, for reasons stated herein, I cannot agree with its conclusion.

9. The consideration of jury prejudice in *Curtis* appears to be directed to interpretation of Title VIII of the Civil Rights Act of 1964, not to "jury limitations" in the Seventh Amendment context. 415 U.S. at 196–198.

10. The analogy is employed in another context in Basista v. Weir, 340 F.2d 74, 88 (3rd Cir. 1965), and suggested for this context in a thoughtful note, Jury Trial in 1983 Actions, 24 Case Western Reserve Law Review 406, 412, 413 (1973).

11. Rev.Stat. § 2004.

lower federal court's jurisdiction in a damage action for denial of the vote in a Congressional election. It noted that the damage claim was appropriate for jury trial (179 U.S. at 65) (dicta):

> The damages are laid at the sum of $2,500. What amount of damages the plaintiff shall recover in such an action is peculiarly appropriate for the determination of a jury, and no opinion of the court upon that subject can justify it in holding that the amount in controversy was insufficient to support the jurisdiction of the circuit court. [Citations omitted].

It is clear that a damage action for denial of voting rights was a suit at common law and could be tried as a matter of right to a jury.

The right of access to the courts, like the right to vote, is fundamental to our constitutional system. The existence of an action at law for deprivation of voting rights argues strongly for recognition of plaintiff's damage claim as a legal issue within the protection of the Seventh Amendment.[12]

The remaining consideration, the practical abilities and limitations of juries, has been subject to varying interpretations. Plaintiff argues that it is directed to potential jury prejudice and notes one recent commentary which reads the three *Ross* criteria as an abandonment of the historical analogy approach in favor of a functional approach

to the right to jury trial.[13] Defendants respond that this factor is directed only to the jury's ability to comprehend complex issues and that the factual issues present here are readily understandable and appropriate for jury determination.

The cases have not considered possible jury prejudice as one of the guides to whether an issue is legal in nature. *Ross* gives no hint that it contemplates prejudice as a limitation on juries. *Curtis* treats prejudice only in relation to statutory intent. *See, supra,* n. 9. Lawton v. Nightingale, 345 F.Supp. 683 (N.D.Ohio, 1972), *supra,* n. 8, holds that denial of a jury trial because of the risk of prejudice accords with the purposes of § 1983. Since it views the Seventh Amendment as not applicable to § 1983 actions, *Lawton* does not consider the *Ross* standards.

I view the third *Ross* standard as simply a reaffirmation of the traditional common law practice of equity taking jurisdiction where transactions between parties were too complicated for jury determination. *Dairy Queen,* 369 U.S. at 478; Kirby v. Lake Shore & Michigan Southern R. Co., 120 U.S. 130, 134, 7 S. Ct. 430, 30 L.Ed. 569 (1887).[14] Without much more specific direction from the Supreme Court, I will not elevate risk of jury prejudice to a determinant of Seventh Amendment protection. Other means are readily available to counter the danger of prejudice.[15] The issues

---

12. There is no indication in the amended complaint that the $100,000 damages sought are other than compensatory damages. The line between compensatory and punitive damages in civil rights actions can easily become blurred. See *e. g.,* Basista v. Weir, 340 F.2d 74, 85 (3rd Cir. 1965). If punitive damages were to be sought, they also would be tried to the jury. Scott v. Donald, 165 U.S. 58, 89, 17 S.Ct. 265, 41 L.Ed. 632 (1897); Rogers, *supra,* at 1118; Wayne v. Venable, 260 F. 64, 66 (8th Cir. 1919); Note, Monetary Claims under Section 1983, the Right to Trial by Jury, 8 Harv.Civ. Rights—Civ.Lib.L.Rev. 613, 625–626 (1973). The holding in Swofford v. B & W, Incorporated, 336 F.2d 406, 412–413 (5th Cir. 1964), that punitive damages are left to the court may be limited to patent litigation and, in any event, is not controlling here.

13. Note, Congressional Provision for Nonjury Trial, 83 Yale L.J. 401 (1973).

14. The *Ross* footnote is introduced by the phrase "As our cases indicate,". This wording supports the view that *Ross* was not departing from the traditional common law practice as explained in *Dairy Queen.*

15. Protection of the right to be tried before a jury without prejudice is afforded by the Jury Selection and Service Act of 1968 (28 U.S.C. §§ 1861–1874); by recognition of independent actions challenging juror selection practices, *e. g.,* Carter v. Jury Comm'n, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549 (1970); and by procedural devices such as change of venue, challenge of jurors for cause, and peremptory dismissals. Further protection from a verdict reached on im-

presented here are no different in nature from those common to tort actions typically tried to a jury. They are more readily understood than the complex corporate transactions in *Ross* that were not sufficient even to trigger discussion of jury abilities in the Court's decision. I conclude that a jury is capable of deciding these issues.

 In summary, the relief sought and historical analogy strongly indicate a right to jury trial on plaintiff's damage claim. Since I do not view possible jury prejudice as one of the limitations contemplated by *Ross*, I find that the damage claim is appropriate for a jury in light of that institution's abilities and limitations. I conclude that the Seventh Amendment guarantees defendants the right to a jury trial.

### ORDER

Accordingly, it is hereby ordered that plaintiff's motion to strike the demand for jury trial is denied.

proper consideration is afforded by the court's authority under Rule 50, Fed.R.Civ.

P., *for directing a verdict or granting judgment notwithstanding the verdict.*