Mr. James **WILLIAMS** et al., Plaintiffs,

v.

**TRAVENOL LABORATORIES, INC.,** et al., Defendants.

No. DC 72–13.

United States District Court, N. D. Mississippi, Delta Division.

June 27, 1972.

Robert B. Fitzpatrick, Washington, D. C., Nausead Stewart, Jackson, Miss., Richard B. Sobol, New Orleans, La., for plaintiffs.

Stephen N. Shulman, Robert T. Lasky, Washington, D. C., James L. Robertson of Campbell, DeLong, Keady, Robertson & Hagwood, Greenville, Miss., for defendants.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The parties have submitted to the Court, on briefs without oral argument,

plaintiffs' motion to strike the demand for trial by jury filed herein by defendants.

The action is one which involves a charge by plaintiffs, members of the Negro or black race, that defendants have discriminated and are discriminating against plaintiffs and members of their class on the grounds of race in the operation of the plant of the defendants located in the City of Cleveland, Bolivar County, Mississippi.

The complaint alleges that defendants have engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. In addition, plaintiffs allege impermissible conduct which contravenes Section 1 of the Civil Rights Act of 1870, now codified, in part, as 42 U. S.C.A. § 1981. Plaintiffs seek to prosecute a class action, which they allege is composed of "all past and incumbent black employees, all black applicants for employment, all potential black employees, and all future black applicants for employment at the facility operated by the defendants in Cleveland, Mississippi".

Section 1981 is now regarded as an effective prohibition against certain purely private discriminatory practices; including employment and labor discrimination. Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir. 1970); Belt v. Johnson Motor Lines, Inc., 458 F.2d 443 (5th Cir. April 4, 1972). Currently, allegations of discriminatory employment practices under both Title VII and Section 1981 appear with frequency in a single suit. See e. g., Lazard v. Boeing Company, 322 F.Supp. 343 (E.D.La., 1971).

The specific relief sought in the complaint is a temporary and permanent injunction against the allegedly unlawful practices, as well as damages in the form of back pay, promotions and "compensatory seniority". Under a Title VII statutory grant, this Court, in its discretion, is empowered to accord the injunc-tive relief sought and order "such [further] affirmative action as may be appropriate" and to include damages in the form of back pay. 42 U.S.C.A. § 2000e–5(g). Moreover, injunctive relief and damages are also available remedies under Section 1981. Mizell v. North Broward Hospital District, 427 F.2d 468 (5th Cir. 1970). From the pleadings in this case, it cannot be immediately ascertained if the plaintiffs contemplate a form of relief under Section 1981 which is not a part of the express Title VII remedy.

Plaintiffs did not request trial by jury. However, after receiving an extension of time within which to plead, the defendants filed, with their answer, a timely demand for jury trial on all issues. Rule 38(b), F.R.Civ.P. Plaintiffs responded by filing a Motion to Strike the demand.

█ The defendants initially make a *pro-forma* contention that, because of the demand for back wages, the Seventh Amendment guarantee entitles them to a jury trial on all aspects of the Title VII claim; to include, presumably, equitable relief contemplated in the form of an injunction. The Court is not free to accept this proposition. The demand for back pay under Title VII is not "in the nature of a claim for damages, but rather is an integral part of the statutory equitable remedy, to be determined through the exercise of the *court's* discretion, and not by a jury." (Emphasis supplied). Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122, 1125 (5th Cir. 1969); cf. Ochoa v. American Oil Co., 338 F.Supp. 914 (S.D.Tex., 1972). The express wording of the "statutory equitable remedy" supports this conclusion. 42 U.S.C.A. § 2000e–5(g).

Of more substance, however, is the defendants' demand for jury trial under the Section 1981 aspects of the suit. Defendants urge that Section 1981 protects, in part, the right "to make and enforce contracts", an action essentially in assumpsit and historically viewed as a

purely legal form which is accompanied by an inherent right to trial by jury. 5 Moore's Federal Practice, para. 38.11 [5]. Therefore, defendants contend, they are entitled to a jury trial on all issues, legal and equitable, or, alternatively, are entitled to trial by jury on the Section 1981 aspects of the claim alone.

 Initially, it should be noted that, by filing this suit as a class action, an essentially equitable device, the plaintiffs have not automatically placed the case beyond the scope of the Seventh Amendment. 5 Moore's Federal Practice, para. 38.38 [2]. Moreover, the fundamental right of a jury trial cannot be impaired by a blending of legal and equitable claims, even where the legal issues may be merely incidental to equitable ones. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L. Ed.2d 988 (1959); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L. Ed.2d 44 (1962); Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486 (5th Cir. 1961). See also, Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).

Section 1981 itself is silent as to the right of trial by jury. Furthermore, the Court has been unable to locate a case in point. Resolution of the issue, therefore, must rest upon a determination of the character of Section 1981 as a form of action, the relief sought in this case and the right to trial by jury in analogous situations.

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . . ." The amendment recognizes the historical distinction between law and equity, and was designed to insure the right to trial by jury in a legal action. Although the federal rules denominate only one form

of action, Rule 38(a) expressly reaffirms the Seventh Amendment guarantee.

The Seventh Amendment requires that, absent "imperative circumstances", any legal issue for which trial by jury is timely and properly demanded be submitted to a jury. Beacon Theatres, Inc. v. Westover, *supra*; Dairy Queen, Inc. v. Wood, *supra*; Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., *supra*. The Court must determine if Section 1981, as applied to the action now pending, contains legal issues. Swofford v. B & W, Inc., 336 F.2d 406 (5th Cir. 1964).

 The Court is unable to find, in this case, "imperative circumstances" which would justify denying the right to trial by jury and, in view of the Seventh Amendment, has considerable difficulty imagining what those circumstances might be. However, the Court is of the opinion and has concluded that the Section 1981 relief which the plaintiffs seek in this case is the same as the "statutory equitable remedy" available under Title VII, and thus not a legal issue triable by a jury. Although damages in the form of back pay are sought, "[t]he trio of Beacon Theatres, Dairy Queen, and Thermo-Stitch is [not] a catalyst which suddenly converts *any* money request into a money claim triable by jury." (Emphasis in original). Swofford v. B & W, Inc., *supra*, at 414. Moreover, the Fifth Circuit has held that a suit for reinstatement and back pay under Section 1983, a companion to Section 1981, does not present an issue for jury determination. Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970). It should be noted that Section 1983 expressly authorizes actions at law. See also, Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965).

The Court concludes that the Motion to Strike is well taken and should be sustained.