**Norma LOMBARDI, on her own behalf and on behalf of all others similarly situated**

**v.**

**ALTEMOSE CONSTRUCTION COMPANY, INC.**

**Civ. A. No. 75–797.**

United States District Court,
E. D. Pennsylvania.

Nov. 4, 1975.

Warren J. Borish, Philadelphia, Pa., for plaintiff.

Max L. Lieberman, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

BECHTLE, District Judge.

This is an action brought by plaintiff on behalf of herself and purportedly

---

on behalf of others similarly situated, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*. Specifically, plaintiff alleges that she and the members of the class are entitled to overtime compensation for hours worked in excess of eight (8) per day or forty (40) per week. Presently before the Court are plaintiff's motion for declaration of a class action pursuant to either Fed.R.Civ.P. 23(b)(1) and (2), or 29 U.S.C.A. § 216(b) (1965), *as amended*, (Supp.1975), and defendant's motion to compel answers to interrogatories. For reasons more fully set out below, the motions will be denied.

 Defendant contends that FLSA suits may not be maintained as Rule 23 class actions. We agree. 29 U.S.C.A. § 216(b) (1965), *as amended*, (Supp. 1975), provides in part that:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.* (Emphasis added.)

Thus, no person in an FLSA suit can become a party plaintiff or be bound by a judgment unless he has "opted into" the class; *i. e.*, filed a written consent. On the other hand, under a Rule 23(b)(3) class action, each person is bound by the judgment unless, after he has received the 23(c)(2) notice, he elects to "opt out," while under a 23(b)(1) or 23(b)(2) class action, each person is bound without notice. Such an irreconcilable difference has led courts to conclude that the Rule 23 class action device may not be utilized in FLSA suits. As was stated by the Fifth Circuit in *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975), "[i]t is crystal clear that § 16(b) [§ 216(b)] precludes pure Rule 23 class actions in FLSA suits." *Accord, Clougherty v. James Vernor Co.*, 187 F.2d 288, 290 (6th Cir.), *cert. denied*, 342 U.S. 814, 72 S.Ct. 28, 96 L.Ed. 616 (1951); *American Finance System Incorporated v. Harlow*, 65 F.R.D. 94, 110 (D.Md.1974); *Paddison v. Fidelity Bank*, 60 F.R.D. 695, 700 (E.D.Pa.1973); *Sims v. Parke Davis & Co.*, 334 F. Supp. 774, 780–781 (E.D.Mich.), *aff'd*, 453 F.2d 1259 (6th Cir. 1971), *cert. denied*, 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972). Therefore, plaintiff's motion to maintain a Rule 23(b)(1) or (b)(2) class action will be denied.

 Plaintiff's motion to maintain a § 216(b) class action must also be denied. As mentioned above, in order to maintain such an action, plaintiff must file consents to sue by those persons whom she seeks to represent. No such consents have been filed, although some seven months have now passed since the filing of the complaint.

 Finally, defendant's interrogatories seek to elicit information concerning plaintiff's adequacy to represent members of the class. Since this case will not be allowed to proceed as a class action, defendant's motion to compel need not be allowed.

An appropriate Order will be entered.