**Mary B. HODGIN, on her behalf and on behalf of all other persons similarly situated**

v.

**Robert D. JEFFERSON, Richard W. Phoebus, Security Savings and Loan and Robert D. Jefferson, Individually.**

Civ. A. No. N-77-1277.

United States District Court, D. Maryland.

March 13, 1978.

**806**

Barry J. Dalnekoff and Harold A. Mac-Laughlin, Baltimore, Md., for plaintiff.

John E. Sandbower, III and Joseph M. Roulhac, Baltimore, Md., for defendants.

NORTHROP, Chief Judge.

By her complaint, plaintiff Mary Hodgin has charged her former employer, defendant Security Savings and Loan Association, and several Security officers with discriminating against her and other women on the basis of sex. Plaintiff's complaint is based upon Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–5 (1970), the "Ku Klux Klan" Civil Rights Act, 42 U.S.C. § 1985 (1970), and several sections of the Equal Pay Act, 29 U.S.C. § 206 et seq. (1970). Jurisdiction is based upon the following statutes: 28 U.S.C. § 1331, (federal question jurisdiction); 28 U.S.C. § 1343, (civil rights jurisdiction, specifically § 1985); 28 U.S.C. § 2201, (granting jurisdiction in declaratory judgment cases); 42 U.S.C. § 2000e–5(f), (jurisdiction for Title VII cases); and although plaintiff has incorrectly denominated jurisdiction as 29 U.S.C. § 217, the Court will correct this to 29 U.S.C. § 216(b), (granting jurisdiction for suits involving back pay claims under § 206).

Presently before the Court are three defense motions: defendants have moved (1) to dismiss the complaint in all or in part; (2) to strike plaintiff's election of a jury trial; and (3) to dismiss the case as a class action or for partial summary judgment.

The Court has reviewed the briefs filed by both sides, engaged in a thorough study of the applicable law and will now rule on the pending motions. First, a brief summary of the facts, as alleged in the complaint, is in order.

## I. *The Complaint*

Plaintiff began her employment with defendant Security Savings and Loan (Security) on February 26, 1974. During her employment, she performed various administrative and managerial duties as Head Teller for Security. Plaintiff was offered a position as an Assistant Branch Manager, but at a salary lower than Security's stated minimum rate. Despite requests to defendant Jefferson, Assistant Treasurer and Assistant Secretary of Security, her salary was not raised. Plaintiff resigned, and her resignation became effective November 15, 1974. Plaintiff charges that the discriminatory practices of Security in general, and the refusal by Security to pay her the stated minimum rate in particular, caused her constructive termination.

Plaintiff filed charges of sex discrimination against Security with the Equal Employment Opportunity Commission (E.E.O.C.) on November 7, 1974. Plaintiff received a "right to sue" letter from the E.E.O.C. on May 6, 1977, and she filed this action on August 3, 1977. The complaint alleges a practice by defendants of discriminating against women as a class by offering them less compensation and benefits, and discouraging them from attempting to advance themselves. At the same time, defendants allegedly granted proportionally greater benefits to men and offered men training opportunities not offered to women. This practice of discrimination is alleged to have been in effect on or before February 26, 1974, and has continued to the present time.

## II. *The Motion to Dismiss*

Defendants have moved to dismiss the entire complaint, or in the alternative, to (1) dismiss the § 1985 claim, (2) to dismiss the

Fair Labor Standards Act claim, and (3) to dismiss plaintiff's complaint to the extent that it asks for liquidated and exemplary damages.

It is clear that when considering a Rule 12(b)(6) motion, (as here), the Court should not dismiss the complaint unless it appears that the plaintiff can prove no set of facts in support of his or her claim which would entitle plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Thus, the Court need only test the legal sufficiency of plaintiff's complaint. Applying this standard to the case at bar, the Court cannot conclude that there are no facts upon which plaintiff could recover. Therefore, the Court will proceed to examine defendants' specific grounds for their motion.

### A. *The § 1985 Claim*

In her complaint plaintiff has charged defendants Jefferson, Phoebus and other unnamed male employees of Security with conspiring to deprive women of their equal rights by advancing similarly skilled men and women at disparate rates; by compensating men and women unequally; by engaging in discriminatory hiring practices, and other unlawful activities. As an overt act of this conspiracy, plaintiff alleges that defendants offered her a salary at a rate lower than the rate paid to a similarly situated male predecessor.

Defendants have moved to dismiss this count, arguing that as a matter of law plaintiff has not stated a cause of action. Specifically, defendants first assert that a conspiracy has not properly been alleged. Defendants maintain that if the male employees of Security indeed discriminated against plaintiff on the basis of her sex, they were acting as agents of the corporation. Thus, no conspiracy would be made out since the only actor would be the corporation.

A review of the case law reveals that there is a split of authority on this question. *Compare Girard v. 94th & Fifth Ave. Corp.,* 530 F.2d 66 (2d Cir.), *cert. denied,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976); *Dombrowski v. Dowling,* 459 F.2d 190 (7th Cir. 1972); *with Dupree v. Hertz Corp.,* 419 F.Supp. 764 (E.D.Pa.1976); *Jackson v. University of Pittsburgh,* 405 F.Supp. 607 (W.D.Pa.1975). This Court concludes that the better reasoned cases are those that have held that a conspiracy claim can be alleged under these circumstances.

Individuals are not immune from liability under § 1985(3) merely because the same corporation employs them. Since such individuals remain liable for their own actions during non-business hours, it follows that their *unauthorized* acts in furtherance of a conspiracy may state a claim under § 1985(3). Thus, while authorized acts of the officials would constitute corporate action, (and hence would avoid a conspiracy charge), unauthorized acts would not.

Reading the complaint liberally, it appears plaintiff has charged that defendant Jefferson ignored the stated policies and established rates of Security in denying plaintiff her requested salary. Thus, his alleged actions appear unauthorized by Security. Accordingly, this Court concludes that a conspiracy within § 1985(3) has been sufficiently pled.

Defendants have additionally argued that "the complaint fails to allege the necessary intent on the part of the defendants to deprive the plaintiff of equal rights on the basis of some invidiously discriminatory animus," *citing Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

In *Griffin,* the Supreme Court delineated the requirements for a § 1985(3) claim. One must (1) conspire (2) for the purpose of depriving the plaintiff of equal protection of the laws, or of equal privileges and immunities under the laws, (3) by an overt act (4) causing injury. In *Doski v. M. Goldseker Co.,* 539 F.2d 1326 (4th Cir. 1976), the United States Court of Appeals for the Fourth Circuit interpreted § 1985(3)'s relationship to Title VII. The Fourth Circuit held that *private* discrimination does not violate the "equal protection of the laws" segment of § 1985(3) since that phrase refers to the fourteenth amendment, which

requires state action. Thus, unless a plaintiff can demonstrate that the private discrimination contravenes a privilege or immunity granted by the laws of the United States, he cannot state a claim within § 1985(3).

The Fourth Circuit next considered whether a Title VII claim could be enforced by § 1985(3). Finding that the Title VII procedures constituted the exclusive method by which such claims could be brought, the court held that § 1985(3) is not an available mechanism to enforce rights created by Title VII.

■ Accordingly, this Court must conclude that plaintiff's § 1985(3) claim must be dismissed unless she has pled a violation of her "privileges and immunities" separate and distinct from her Title VII claim. *Doski v. M. Goldseker Co., supra* at 1334; *accord McLellan v. Mississippi Power & Light Co.,* 545 F.2d 919 (5th Cir. 1977). The Court concludes that plaintiff's claim under the Equal Pay Act, 29 U.S.C. § 206 (1970), constitutes such a violation.

As will be discussed below, the Court is of the opinion that plaintiff has sufficiently pled a violation of § 206(d). Thus, it is possible for defendants to have conspired to deprive her of her right to equal pay for equal work in violation of § 1985(3). Plaintiff has satisfied this component of a § 1985(3) claim.

■ The final requirement of *Griffin* is that the conspiracy be one motivated by "some racial or perhaps otherwise class-based, invidiously discriminatory animus . . . ." *Griffin, supra* 403 U.S. at 102, 91 S.Ct. at 1798. The issue presented is whether sex discrimination constitutes such an animus within the purview of § 1985(3). The Fourth Circuit has left this issue open. *Hughes v. Ranger Fuel Corp.,* 467 F.2d 6 (4th Cir. 1972). A number of other circuit courts have also reserved the question. *See McLellan v. Mississippi Power & Light Co.,* 545 F.2d 919 (5th Cir. 1977); *Weise v. Syracuse University,* 522 F.2d 397 (2d Cir. 1975). There is a substantial body of case law supporting either viewpoint. However, the Court believes that the modern trend is towards expanding the scope of class-based conspiracies which fall within the purview of § 1985(3). The argument for such an expansion was ably put forth recently by Judge Gignoux in *Curran v. Portland Superintending School Committee,* 435 F.Supp. 1063 (D.Me.1977). The court there found that "the great majority of federal courts have rejected the notion that the statute reaches only conspiracies motivated by racial bias." *Id.* at 1085. The court therefore concluded that sex discrimination could qualify as a basis for a § 1985(3) conspiracy. *Accord Beamon v. W. B. Saunders Co.,* 413 F.Supp. 1167 (E.D.Pa.1976); *Reichardt v. Payne,* 396 F.Supp. 1010 (N.D. Cal.1975); *contra Knott v. Missouri Pacific Railroad,* 389 F.Supp. 856 (E.D.Mo.1975). Judge Gignoux noted recent appellate court decisions which had expanded the scope of the section and concluded that this result was consistent with the approach of the Supreme Court to the Civil Rights Reconstruction Acts—according them a sweep as broad as their language. *Curran, supra* at 1085. This Court believes that *Curran* accurately reflects the state of the law, and adopts Judge Gignoux's reasoning. Therefore, the Court concludes that a claim within § 1985(3) has been made by plaintiff.

## B. *Equal Pay Act Claim*

Defendants argue that "[t]he asserted claim under the Fair Labor Standards Act (29 U.S.C. § 206) in paragraphs 13–15 is clearly insufficient." Defendants appear to argue in their brief that since plaintiff received more than the minimum wage, she has no claim under § 206.

■ Defendants have apparently misconstrued plaintiff's claim. 29 U.S.C. § 206(d)(1) prohibits an employer from discriminating in wages on the basis of sex. 29 U.S.C. § 206(d)(3) additionally defines any money retained in violation of § 206(d)(1) as unpaid minimum wages. The employer is liable to the employee for these unpaid minimum wages as liquidated damages by virtue of 29 U.S.C. § 216(b). Thus, plaintiff has stated a cause of action under

the Equal Pay Act, since she has alleged that employees of different sexes were paid disparate wages for equal work. It is clear that these Equal Pay Act claims can be brought in conjunction with the Title VII claims. *See, e. g., Keyes v. Lenoir Rhyne College,* 552 F.2d 579 (4th Cir. 1977).

Defendants have also put forth the argument that "all or substantially all of any relief to which the plaintiff might be entitled were she to prevail is barred by the applicable Maryland statute of limitations of 3 years." This argument is based upon the wrong statute.

■ The applicable statute of limitation to this claim is contained within 29 U.S.C. § 255 (1970). That section provides that any action for unpaid minimum wages (as plaintiff's claim may be characterized here), must be commenced within two years after the cause of action accrued. The words "cause of action accrued" have been construed by the Supreme Court in *Unexcelled Chemical Corp. v. United States,* 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821 (1953). The Court held simply that a "cause of action" is created when there is a breach of a duty owed to plaintiff. Thus, it would appear that plaintiff's claim would be time-barred by the statute of limitation since the final discriminatory act took place over two years prior to her complaint.

Section 255, however, contains a second limitation which is applicable to "willful" violations of the statutes. This limitation is three years. Reading plaintiff's complaint with an eye toward sustaining it, *Conley v. Gibson, supra,* the Court finds that she has alleged a willful violation of § 206(d).

■ Moreover, sex-based, discriminatory wage payments constitute a continuing violation of the Equal Pay Act. *Hodgson v. Behrens Drug Co.,* 475 F.2d 1041 (5th Cir. 1973). Thus, plaintiff will be allowed back pay to three years prior to the filing of her complaint, assuming she can prove a willful violation of the Act. *Cf. Anisgard v. Exxon Corp.,* 409 F.Supp. 212 (D.La.1975).

## C. Motion to Strike Liquidated and Punitive Damages

The aforegoing disposes of defendants' argument that liquidated damages may not be demanded by plaintiff. Those damages are specifically authorized by 29 U.S.C. § 216(b).

■ It is also clear, however, that punitive damages are not available as a remedy for Title VII. *See Russell v. American Tobacco Co.,* 528 F.2d 357 (4th Cir. 1975), *cert. denied* 425 U.S. 935 (1976). *Accord EEOC v. Detroit Edison Co.,* 515 F.2d 301 (6th Cir. 1975). Thus, to the extent that the request for punitive damages is based upon Title VII violations, the Court is constrained to deny the claim.

## III. Defense Motion to Strike Election for Jury Trial

Defendants argue that plaintiff should not be allowed to try her case before a jury since her § 1985 and Equal Pay Act claims should be dismissed, leaving only her Title VII claim, which is equitable in nature. In the alternative, they contend that the § 1985 and Equal Pay Act issues are ancillary to the Title VII claim, and thus should be tried before the Court.

It is apparent that defendants' first argument is founded on the incorrect premise that the Court would dismiss all legal claims. Since the Court has retained a legal claim, the motion to strike plaintiff's jury election is inappropriate.

■ It is true that the great weight of case law illustrates that trial by jury is not required by Title VII. *See, e. g., Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (5th Cir. 1969); *Williams v. Travenol Laboratories Inc.,* 344 F.Supp. 163 (N.D. Miss.1972). While the argument in favor of denying a jury trial where the legal claims are "ancillary" to the Title VII count is somewhat persuasive, the cases have held otherwise. For example, in *Van Ermen v. Schmidt,* 374 F.Supp. 1070 (W.D.Wis.1974) Judge James Doyle stated:

Where equitable and legal actions are joined in the same action and a jury trial

is demanded, only the most extraordinary circumstances can justify a denial of a jury trial on the legal claims. *Characterization of the legal claim as incidental to the equitable claim cannot justify striking the jury demand. Id.* at 1073. (Emphasis supplied).

This Court has recently tried a sex discrimination case in which the Title VII issues were tried to the Court, and the § 1983 issues were tried by the jury. *See, Cussler v. University of Maryland,* 430 F.Supp. 602 (D.Md.1977). The Court can discern no reason to act differently in this case.

### IV. *Motion to Dismiss the Class Action*

Defendants have also moved to dismiss the class action. They attack the class action allegations on every ground available to them. They contend that the requisite elements of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequate representation, have not been made out. In addition they allege that neither 23(b)(2) or (b)(3) have been satisfied. The Court has carefully considered the pleadings filed by both sides, scrutinized the complaint, and concludes that this motion is premature.

■ Rule 23(c) requires the Court to determine whether the Court will certify the case as a class action "[a]s soon, as practicable." This phrase, however, should not be construed to mean "immediately." Of course, the Court may not engage in a review of the merits of the case. *Eisen v. Carisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). However, the determination of whether to certify a class should be predicated on more information than the pleadings provide. *Weathers v. Peters Realty Corp.,* 499 F.2d 1197 (6th Cir. 1974). In the instant situation, where the Court only has the complaint before it, class certification is inappropriate. *See Huff v. N. D. Cass Co. of Alabama,* 485 F.2d 710 (5th Cir. 1973); *see also Roman v. ESB, Inc.,* 550 F.2d 1343, 1349 (4th Cir. 1976).

■ Nevertheless, in order to properly lay the groundwork for the necessary discovery, the Court will delineate the scope of the proposed class action. First, it is apparent that the only count which can be brought as a class action is the Title VII count. Since 29 U.S.C. § 216(b) requires that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party," a class action may not be maintained under this section. *American Finance System, Inc. v. Harlow,* 65 F.R.D. 94 (D.Md.1974); *accord Lombardi v. Altemose Construction Co.,* 69 F.R.D. 410 (E.D.Pa.1975). It follows that since the Equal Pay Act claim cannot be maintained as a class action, the § 1985 claim cannot either, since the § 1985 claim is dependent upon the Equal Pay Act claim as previously outlined.

■ Secondly, the scope of the alleged class can be properly defined at least as far as time limitations are concerned. The better reasoned cases have held that the filing of charges with the E.E.O.C. tolls the statute of limitations for a Title VII claim by the representative plaintiff and her putative class. *See, e. g., Pittman v. Anaconda Wire & Cable Co.,* 408 F.Supp. 286 (E.D.N.C.1976). But the plaintiff cannot represent persons who could not have filed a charge with the E.E.O.C. at the time she did. *Presseisen v. Swarthmore College,* 71 F.R.D. 34 (E.D.Pa.1976); *Burwell v. Eastern Airlines,* 68 F.R.D. 495 (E.D.Va.1975). Since plaintiff filed her charges on November 11, 1974, plaintiff's class, if eventually certified, will be limited to class members who could have filed a charge with the E.E.O.C. from January 16, 1974 to the present.

Considering the state of the pleadings, the Court believes that it should reserve ruling on the difficult questions presented by defendants' motion. The Court does note that there are potential obstacles to certifying plaintiff's case as a class action—specifically whether plaintiff can meet the requirements of numerosity and adequate representation. However, these issues will be held in abeyance until sufficient discovery has been had.

### V. *Conclusion*

An Order was entered on December 28, 1977, confirming the Court's oral rulings at the conclusion of the hearing on December 9, 1977:

(1) DENYING defendants' motion to dismiss;

(2) DENYING defendants' motion to strike plaintiff's election of a jury trial; and

(3) DENYING defendants' motion to dismiss this case as a class action or to strike class action allegations or for partial summary judgment at this time without prejudice pending discovery.