Charles VIVONE, et al.

v.

**ACME MARKETS, INC., et al.**

Civ. A. No. 83–1787.

United States District Court, E.D. Pennsylvania.

Feb. 11, 1985.

**66**

Phyllis Horn, Epstein, Beller & Shapiro, Philadelphia, Pa., for plaintiffs.

John McAlesse, McAlesse, McGoldrick & Susanin, King of Prussia, Pa., for defendants.

MEMORANDUM AND ORDER

FULLAM, District Judge.

Six plaintiffs have joined in bringing this age-discrimination suit[1] against Acme Markets, Inc., its parent corporation, and six of its employees and officers, pursuant to 29 U.S.C. § 626. Plaintiffs now seek, and defendants resist, discovery of names, addresses, and certain employment information of other Acme employees who might wish to join as plaintiffs in this action. The respective contentions of the parties raise issues which have not yet been decided by the Third Circuit Court of Appeals, but which have divided the courts of other circuits.

■ Section 626(b) of the ADEA provides for enforcement of the federal age discrimination laws "in accordance with the powers, remedies, and procedures provided in" § 216 of Title 29, the Fair Labor Standards Act. In pertinent part, § 216(b) of the FLSA provides that actions to recover damages and other relief under the statute

"... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall become a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought...." 29 U.S.C. § 216(b) (Supplement I 1977.)

Thus, while § 216(b) does not rule out private class actions as a method of enforcement—indeed, such actions are plainly contemplated—no one can be regarded as a member of the class, or bound by the judgment in the action, unless he or she affirmatively "opts-in". This, of course, is in marked contrast to the "opt-out" procedure of F.R.Civ.P. 23; in cases governed by that rule, once the class is certified, all persons within the class description are bound by the judgment in the case, unless they affirmatively remove themselves from the class.

There is a split of authority as to whether these differences between FLSA class actions and Rule 23 class actions warrant the conclusion that the authority of the court, and the rights of counsel and the parties, on the subject of notice to potential class members, and discovery relating to potential class members, must also be different in the two types of class actions. There is, of course, a difference in rationale; the question is whether, and to what extent, the difference in philosophy translates into a difference in result, on the questions of notice and discovery.

Since a Rule 23 class member is to be bound by the judgment unless he takes affirmative action to remove himself, there are obvious due process implications in a Rule 23 class action which have no counterpart in FLSA class actions. Under Rule 23, such notice is required, and the court has a specific role in the process.

Under the FLSA enforcement procedures now applicable to ADEA actions, three re-

---

1. The Complaint also alleges pendent state-law    claims.

lated, but distinct, questions arise: whether it is proper for the court to direct or authorize notice to potential class members; whether it is permissible for the named plaintiffs or their counsel to effect notice to potential class members; and whether the defendant can be required to provide discovery in aid of such a notice program.

The Eighth Circuit Court of Appeals provides a negative answer to all three of these questions. *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211 (36 Fair Empl. Prac.Cas. (BNA) 325) (8th Cir. Nov. 6, 1984). The Second Circuit has held that district courts have the power to authorize such notice. *Braunstein v. Eastern Photographic Laboratories*, 600 F.2d 335, 336 (2d Cir.1978) *(per curiam )*, *cert. denied*, 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1046 (1979). The Ninth Circuit has ruled that district courts have no authority to direct or permit such notice. *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 864 (9th Cir.1977). The Tenth Circuit has held that the court may not authorize or supervise a notice program, nor compel discovery in aid of such a program, but (apparently) may not preclude plaintiffs or their counsel from communicating with potential class members. *Dolan v. Project Construction Corp.*, 725 F.2d 1263 (10th Cir.1984). And the Seventh Circuit has ruled that plaintiffs and their counsel can communicate with potential class members under terms and conditions prescribed by the court, but that the notice should not indicate court approval. *Woods v. New York Life Ins. Co.*, 686 F.2d 578 (7th Cir.1982).

The issues have surfaced in two other circuits, but have not been resolved by those courts. In *Thompson v. Sawyer*, 678 F.2d 257 (D.C.Cir.1982), the court held that it was not an abuse of discretion for the trial court to refuse to issue such notices in connection with Equal Pay Act claims which were joined in the same lawsuit with Title VII claims, where extensive notice of the Title VII class action had been promulgated; the court noted the split among circuits on the ADEA issue, and elected not to express a view. In *Haynes v. Singer Co., Inc.*, 696 F.2d 884 (11th Cir.1983), the court held that, since, under either of the two conflicting views, a measure of discretion would reside in the trial court, and since, in the circumstances of the case being considered, it would not have been an abuse of discretion to refuse to issue class notices, the refusal would be upheld, without resolving the underlying issue.

In this circuit, a New Jersey District Court issued an order requiring the defendant to supply names and addresses of potential class members, and approving a form of notice to potential class members; the Third Circuit Court of Appeals dismissed an interlocutory appeal for lack of jurisdiction, and declined to review the order on mandamus, noting that "there is equally strong precedent" on both sides of these "novel and unresolved questions". *Lusardi v. Xerox Corp.*, 747 F.2d 174 (3d Cir.1984).

In the present case, the defendants do not argue that plaintiffs should be precluded from communicating with potential class members. This concession makes it possible to avoid the lurking First Amendment issues noted by the Supreme Court in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) (Rule 23 class actions) and by the Tenth Circuit in *Dolan v. Project Construction Corp., supra* (FLSA class action). The defendants' argument is that notice to potential class members is not required, should not be encouraged, and should not involve the court; and that, therefore, the defendants should not be required to provide discovery which will facilitate such notice. A subsidiary argument is to the effect that the burdens associated with complying with such discovery requests far outweigh the minimal benefits.

An appropriate first step toward a satisfactory resolution of this controversy is to analyze the nature of the discovery requested. With respect to each of the following positions, vice-president, district manager, store supervisor and associate store supervisor, plaintiffs seek the following information: (1) name; (2) job title; (3)

home address; (4) date of birth; (5) date of hire; (6) date of entry into current position; and (7) "forced ratings". These inquiries cover the period 1979–82, and are to include all persons holding any such position during that period. The total number of employees and former employees involved in the requests is estimated not to exceed 280.

The contrast between this kind of discovery and the burdensome, potentially overwhelming, discovery Congress visualized, and sought to prevent, when it enacted the Portal-to-Portal Act, is noteworthy. As the legislative history of that statute makes clear, Congress was concerned that employers throughout the nation would be forced to comb through payroll records of their entire work force, trying to determine whether, with the newly mandated travel-time included, additional overtime compensation should have been paid. In effect, Congress concluded that such "surprise" liability, and the attendant discovery burdens, could be imposed upon employers, but only on behalf of persons actively seeking such relief in their own right. Such considerations have little relevance in ADEA suits; the liability asserted should not come as a surprise, and the information sought is relatively simple and straightforward.

■ Moreover, and more conclusively, there is nothing in the ADEA's invocation of the FLSA procedural remedies which can reasonably be regarded as curtailing the ordinary discovery rights of the litigants. In my view, all of the information now sought by plaintiffs would be discoverable in aid of their own individual claims of age discrimination. They are plainly entitled to bolster their individual claims by attempting to prove a pattern or practice. The persons whose identities are sought presumably have knowledge of the facts, and could be called as witnesses. Thus, the discovery sought should be precluded only upon a finding that it would be unduly burdensome, or is sought in bad faith, for some ulterior purpose. In my view, the burdens are relatively modest. The discovery is being sought for mixed reasons, partly (perhaps) to aid plaintiffs' individual cases, and partly to set the stage for a free flow of information to potential additional plaintiffs. I see no particular harm in that: the ADEA is, after all, a remedial statute, implementation of which should not be discouraged.

Plaintiffs' Motion to Compel Discovery will be granted. Because of the novelty of the issues presented, no sanctions will be imposed.