**Virginia PIRRONE, in her own behalf and on behalf of other employees similarly situated**

v.

**NORTH HOTEL ASSOCIATES d/b/a Sheraton Inn and Sterling Management Co.**

**Civ. A. No. 85–2535.**

United States District Court, E.D. Pennsylvania.

Oct. 24, 1985.

Albert L. Becker, Hatboro, Pa., Howard J. Sedran, Arnold Levin, Philadelphia, Pa., for plaintiff.

Edgar R. Einhorn, Philadelphia, Pa., Kenneth D. Henderson, Memphis, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

VAN ARTSDALEN, District Judge.

The plaintiff, Virginia Pirrone, sued North Hotel Associates and Sterling Management Co. for violations of the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, and the Pennsylvania Wage Payment and Collection Law (WPCL), 43 Pa.Stat.Ann. §§ 260.1–260.45. She has brought claims on her own behalf and on behalf of other employees similarly situated. Plaintiff has moved for approval of class notice, and defendant has filed a response contending that notice is inappropriate in Fair Labor Standards Act cases and has moved to strike the first amended complaint, essentially contending that there is no basis for a class action.

Virginia Pirrone was employed by the defendants as a housekeeper assigned to clean hotel rooms at the Sheraton Inn at 9416 Roosevelt Boulevard, Philadelphia, Pennsylvania. She was employed there from May 6, 1982 to February 17, 1984. The Sheraton Inn was, at all material times, owned by North Hotel Associates and operated by Sterling Management Co. under a license agreement with Sheraton Inns, Inc. Pirrone claims that the defendants did not pay her the mandated mini-mum wage and that they did not pay her the mandated overtime wage for her overtime hours. She claims that the defendants docked time from her hours for work that was not performed to their satisfaction. She claims that this practice of docking hours, illegally resulted in her being paid less than the minimum wage for the actual hours she worked and less overtime wages than required by law. She also claims that defendants arbitrarily reduced the hours she worked in determining her pay and that they failed to keep proper time records or altered or intentionally disregarded the time records they did keep.

Pirrone claims the same practices that were employed by defendants to violate her rights under the FLSA and the WPLC were also employed by defendants to violate the rights of all of their housekeeping employees. She seeks to proceed with a class action under the FLSA, 29 U.S.C. § 216(b).

### I. *The FLSA Class Action*

The FLSA requires employers to pay their employees at least a specified minimum hourly wage for work performed. 29 U.S.C. § 206. It also requires employers to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week. 29 U.S.C. § 207. Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The FLSA also provides for a reasonable attorney's fee and costs in favor of a prevailing plaintiff. *Id.*

Although Federal Rule of Civil Procedure 23 generally governs class actions in federal court, that rule is not applicable to plaintiff's FLSA claim. The FLSA has its own class-action provision, and that provision rather than Federal Rule of Civil Procedure 23 controls class actions brought under the FLSA. *See Partlow v. Jewish Orphans' Home*, 645 F.2d 757, 758 (9th Cir.1981). The FLSA provides:

An action to recover the liability prescribed ... may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). This class-action procedure requires plaintiffs to "opt in" to the class, as opposed to Federal Rule of Civil Procedure 23(c)(2) which requires plaintiffs to "opt out" if they want to be excluded from a damage action class (Fed.R.Civ.P. 23(b)(3) class).

Unfortunately, although the FLSA has its own class-action provision, the Act does not explicitly provide how courts are to manage such class actions. Unlike Federal Rule of Civil Procedure 23, the FLSA does not contain any provisions covering class certification or notice to class members or potential class members. There is substantial disagreement among the courts as to whether notice to potential class plaintiffs is appropriate and, if so, whether notice should be effected through the court or independently by the representative plaintiff or his or her counsel. *See Vivone v. Acme Markets, Inc.,* 105 F.R.D. 65, 67 (E.D.Pa.1985).

The first federal appellate court to consider the issue of notice in an FLSA class action was the Ninth Circuit Court of Appeals. It held that the named plaintiffs, their counsel and the court all lack the power to provide notice to FLSA class members. *Kinney Shoe Corp. v. Vorhes,* 564 F.2d 859 (9th Cir.1977); *see also Partlow v. Jewish Orphans' Home,* 645 F.2d 757, 759 (9th Cir.1981).

Contrary to the Ninth Circuit, the Second Circuit has held, in a curt, per curiam opinion, that the court may authorize notice to potential class plaintiffs in an FLSA action. *Braunstein v. Eastern Photographic Laboratories, Inc.,* 600 F.2d 335 (2d Cir.1978),

*cert. denied,* 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1046 (1979). The Seventh Circuit has held that the court has power to authorize notice to the potential plaintiffs, but that the notice may not be sent on judicial letterhead and may not be signed by a judicial officer. *Woods v. New York Life Insurance Co.,* 686 F.2d 578 (7th Cir.1982).

The Tenth Circuit has held that the court has no power to authorize or supervise notice, but its opinion suggests that plaintiffs or plaintiffs' counsel may independently effect notice to other potential plaintiffs. *Dolan v. Project Construction Corp.,* 725 F.2d 1263 (10th Cir.1984). Finally, the Eighth Circuit has held that neither the court, nor plaintiffs' counsel may effect notice to potential plaintiffs, but Judge McMillian opined in a concurrence that the court's holding did not prohibit the plaintiff, as opposed to plaintiff's counsel, from communicating with potential members of a plaintiff class. *McKenna v. Champion International Corp.,* 747 F.2d 1211 (8th Cir.1984).

Two other circuit courts have noted the conflict in the circuits but declined to take any position on the basis of the particular cases before them. The District of Columbia Circuit held that the trial court did not abuse its discretion in refusing to issue notice of Equal Pay Act claims brought pursuant to 29 U.S.C. § 216(b) which were joined with Title VII claims that had been the subject of notice to class members. *Thompson v. Sawyer,* 678 F.2d 257 (D.C. Cir.1982). The Eleventh Circuit held that the trial court did not abuse its discretion in denying class notice, even assuming it had the power to issue such notice, but declined to rule on whether the trial court did have such power. *Haynes v. Singer Co.,* 696 F.2d 884 (11th Cir.1983).

Precedent within the Third Circuit is nearly as varied as that among the different courts of appeals. The Third Circuit Court of Appeals has not yet addressed the issue of notice in an FLSA class action. *See Lusardi v. Xerox Corp.,* 747 F.2d 174 (3d Cir.1984). In the 1970's, before the issue was considered by any court of ap-

peals, two judges in this district held that Federal Rule of Civil Procedure 23 procedures, including class notice, were inapplicable to FLSA class actions. *McGinley v. Burroughs Corp.*, 407 F.Supp. 903, 911 (E.D.Pa.1975) (Green, J.); *Paddison v. Fidelity Bank*, 60 F.R.D. 695, 700–01 (E.D. Pa.1973) (Newcomer, J.); *see also Lombardi v. Altemose Construction Co.*, 69 F.R.D. 410 (E.D.Pa.1975) (Bechtle, J.) (denying plaintiffs' motion for declaration of a Rule 23 or FLSA statutory class action).

More recently, Judge Stern of the District of New Jersey held that, although Federal Rule of Civil Procedure 23 was inapplicable to FLSA class actions,[1] notice to putative plaintiffs in such actions was appropriate, and he authorized notice in the case before him. *Lusardi v. Xerox Corp.*, 99 F.R.D. 89 (D.N.J.1983), *appeal dismissed*, 747 F.2d 174 (3d Cir.1984). The Third Circuit dismissed an appeal of the trial court's conditional class certification and order compelling defendant to provide a list of potential plaintiffs and authorizing notice. *Lusardi v. Xerox Corp.*, 747 F.2d 174 (3d Cir.1984). The court noted that there was "equally strong precedent" on both sides of the issue, *id.* at 176, but declined to accept the appeal of the trial court's order because it was "not a final judgment terminating the litigation." *Id.*

Even more recently, Judge Fullam in this district permitted discovery relating to other potential plaintiffs in an ADEA case because that discovery was "discoverable in aid of [the plaintiffs'] individual claims of age discrimination" in that the information was relevant to establish a pattern or practice of age discrimination. *Vivone v. Acme Markets, Inc.*, 105 F.R.D. 65, 68 (E.D.Pa.1985). Judge Fullam was not faced with the issue of the appropriate procedure, if any, for notice because "the defendants [did] not argue that plaintiffs

should be precluded from communicating with potential class members." *Id.* at 67.

In the present case, the plaintiff has moved for notice to potential plaintiffs in an FLSA class action pursuant to 29 U.S.C. § 216(b) and for discovery of the names and addresses of potential plaintiffs from defendants, solely in aid of effecting that notice. Plaintiff does not contend, at this point, that discovery of names and addresses of other employees is relevant for her own individual claims.

The lack of clarity of the FLSA leaves substantial ground for dispute on whether notice to potential plaintiffs is appropriate. The wide range of results reached by the various courts of appeals to consider the issue confirms that Congress simply did not express its intent with sufficient clarity for the courts to implement that intent with unerring certainty. The legislative history is of little help on the issue of notice for essentially the same reason that the statutory language itself fails to resolve the issue: "the legislative history is totally silent on the issue of notice in section 216(b) proceedings." *McKenna*, 747 F.2d at 1214.

The FLSA was amended in 1947 to provide that potential plaintiffs had to file consents with the court to be included in the plaintiff class in an FLSA class action. *See McKenna*, 747 F.2d at 1214. This amendment was included as part of a congressional attempt to stem the flood of FLSA class action litigation in the wake of the Supreme Court's decision in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), that certain time not previously considered part of a worker's compensable workday was included as compensable time for purposes of the FLSA minimum-wage and overtime provisions. Clearly the amendment was intended to halt the lawsuits spawned by *Anderson; see Woods*, 686 F.2d at 581;

---

1. Judge Stern's case, *Lusardi v. Xerox*, 99 F.R.D. 89 (D.N.J.1983), *appeal dismissed*, 747 F.2d 174 (3d Cir.1984), like many cases interpreting 29 U.S.C. § 216(b), was actually an age discrimination case brought to enforce the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. The ADEA explicitly incorporates the enforcement provision of the FLSA, 29 U.S.C. § 216(b). *See* 29 U.S.C. § 626(b). The term "FLSA class action" as used herein refers to all class actions brought under 29 U.S.C. § 216(b), regardless whether they be brought to enforce the FLSA, the ADEA or the Equal Pay Act.

but it may be construed to have intended to restrict the class action procedure in all FLSA lawsuits, *see Dolan*, 725 F.2d at 1267. The opt-in requirement obviously applies to all FLSA class actions, and, at least to that extent, the 1947 amendment was intended to restrict all FLSA class actions. Nothing in the FLSA or its legislative history, however, indicates that Congress considered whether notice should be sent to potential class plaintiffs.

■ Notice would facilitate the class action and, to that extent, would be inconsistent with the legislative intent to restrict FLSA class actions. The amendment in 1947, however, did not do away with FLSA class actions. The FLSA was enacted to protect employees, and it provides for class actions by employees to enforce their rights under its provisions. The class action procedure, however, would have little or no significance if notice were not permitted in some form. An opt-in class action in which plaintiffs could not provide notice to potential plaintiffs would not be significantly different from multiple-plaintiff joinder in a non-class action. The FLSA, however, speaks in terms of representative actions, not in terms of joinder or consolidation of individual actions. *But see Pentland v. Dravo Corp.*, 152 F.2d 851 (3d Cir.1945) (construing § 216(b) as a "spurious class action" provision allowing permissive joinder rather than as a "true class action"; the court did state, however, that " 'representative suits' should be 'liberally administered' "; the issue of notice was not raised). The FLSA does not explicitly provide for notice to potential plaintiffs. Moreover, because potential plaintiffs who do not opt in to an FLSA class action will not be bound by the court's judgment, due process does not require notice to potential plaintiffs. *See Kinney Shoe Corp.*, 564 F.2d at 863. Nevertheless, in light of the broad remedial purpose of the FLSA, the explicit provision in the Act for representative actions, the practical realities of management of class actions, and the courts' interest in avoiding multiplicity of lawsuits, I conclude that notice to potential plaintiffs is appropriate in FLSA class actions at the discretion of the court.

■ Any attempt by the court to prohibit plaintiffs and their counsel from effecting notice to other potential plaintiffs would raise significant problems with respect to those parties' rights under the first amendment to the Constitution. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981); *In re Primus*, 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978); *Dolan*, 725 F.2d at 1268; *Vivone*, 105 F.R.D. at 67. Independent action by plaintiffs' counsel to effect notice, however, raises significant ethical concerns. *See McKenna*, 747 F.2d at 1214–17. Given the reluctance of the courts to interfere with the parties' first amendment rights and the reluctance of counsel to engage in activity in perilous proximity to the ethical limitations established by their professional peers, the sensible course appears to be for the court to approve notice in appropriate cases.

Although the Seventh Circuit suggests that it would be inappropriate for the court to place its imprimatur on such notice, there appears to be no reason why potential plaintiffs should not be confronted with official court notice where significant legal rights are at stake. *Compare Woods*, 686 F.2d at 582 (majority opinion) (although court-approved notice is appropriate in FLSA class action, notice should not be sent on judicial letterhead and should not be signed by a judicial officer), *with id.* (Eschbach, J., concurring in part and dissenting in part) ("the format of the notice, including the signature under which the notice is to be sent, is a detail that is best left to the discretion of the district court"). It is not the role of the court to solicit litigation, but neither should the court be hostile to attempts by private parties to play the role of private attorney general in enforcing remedial legislation, where Congress has expressly provided for class action litigation.

## II. *The WPCL Class Action*

Plaintiff also seeks notice to the class of the claims under the Pennsylvania WPCL.

She contends that because, unlike the FLSA, the WPCL does not explicitly provide that a party must file a consent with the court to become a member of the class, the WPCL class should be an "opt-out" class rather than an "opt-in" class. Defendants contend that because the WPCL, like the FLSA, is silent on the issue of notice, no notice of the WPCL claims should be sent to the class. Neither party has cited any case interpreting the class action provision of the WPCL, and my research has not revealed any such case.

The WPCL, as amended, provides:

Actions by an employe [sic], labor organization, or party to whom any type of wages is payable to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction, by such labor organization, party to whom any type of wages is payable or any one or more employes for and in behalf of himself or themselves and other employes similarly situated, or such employe or employes may designate an agent or representative to maintain such action or on behalf of all employes similarly situated [sic]. Any such employe, labor organization, party, or his representative shall have the power to settle or adjust his claim for unpaid wages.

43 Pa.Stat.Ann. § 260.9a(b) (Purdon's Supp.1985). The FLSA has a similar, but not identical, provision. 29 U.S.C. § 216(b). Each act provides that an action may be maintained by one or more employees for and in behalf of himself or themselves and other employees similarly situated. Neither act specifically provides for class certification or notice to the class. Notably, however, the FLSA, unlike the WPCL, provides that, "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). It is this provision that makes the FLSA class action an "opt-in" class action. *But see Pentland v. Dravo*

*Corp.*, 152 F.2d 851 (3d Cir.1945) (interpreting § 216(b) as a spurious class action before its 1947 amendment). Plaintiff contends that a class action under the WPCL should be an "opt-out" rather than an "opt-in" class action, presumedly on the basis of this difference. Thus, plaintiff contends, notice should be sent to the class instructing them that they must "opt-in" to the FLSA claims to participate in any recovery under the FLSA, but must "opt out" of the WPCL claims to avoid being bound by any determination by the court on those claims.

■ Given the similarity between the FLSA class action provision and the WPCL class action provision, and the lack of case law interpreting the WPCL provision, I will apply the reasoning of courts interpreting the FLSA to conclude that neither Federal Rule of Civil Procedure 23 nor Pennsylvania Rules of Civil Procedure 1701 to 1716, which generally govern class actions in federal and Pennsylvania state courts respectively, applies to WPCL class actions. *Cf. Partlow v. Jewish Orphans' Home*, 645 F.2d 757, 758 (9th Cir.1981) (Fed.R.Civ.P. 23 inapplicable to FLSA class action). Moreover, in view of its lack of a provision affirmatively requiring the filing of a consent to join in the action, I would be reluctant to construe the WPCL to require class plaintiffs to "opt in." I need not decide, however, whether the WPCL provides for an "opt out" or "opt in" class, because this federal court only has jurisdiction to consider the WPCL claims of plaintiffs who opt in to the FLSA class.

■ If a class were certified under the WPCL and the law required class members to "opt out," due process would require notice to the class members. *See Kinney*, 564 F.2d at 863. Plaintiff, however, has not moved for certification of a class, per se. Rather, she has moved for notice to potential class members that they must "opt out" of a class or be bound by any judgment in this action. The only basis of jurisdiction for the WPCL claims is pendent jurisdiction; there is no diversity of citizen-

ship.[2] At this point, the only party plaintiff is Virginia Pirrone. There can be no other plaintiff parties to the federal claims until written consents are filed. Plaintiff seeks to obtain pendent-party jurisdiction over a whole class of plaintiffs who have not asserted any federal claims to form a basis for pendent jurisdiction.

There is significant dispute among various federal courts as to whether pendent-party jurisdiction is appropriate in any circumstance. *See* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3567.2 (1984). In *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Supreme Court rejected plaintiff's contentions that pendent-party jurisdiction was appropriate over a defendant county in a case brought in federal court on the basis of federal civil rights statutes. Under then existing law, the county could not be joined as a party defendant to plaintiff's claims under 42 U.S.C. § 1983 brought pursuant to 28 U.S.C. § 1343(3). The Court declared that in assessing plaintiff's claim of pendent-party jurisdiction, "the reach of the statute conferring jurisdiction should be construed in light of the scope of the cause of action as to which federal judicial power *has* been extended by Congress. Resolution of a claim of pendent-party jurisdiction, therefore, calls for careful attention to the relevant statutory language." *Aldinger,* 427 U.S. at 17, 96 S.Ct. at 2421. The Court went on to hold that, because section 1983 had then been interpreted to exclude liability of municipal corporations, section 1343(3) which established federal jurisdiction could not be used as a basis for pendent jurisdiction over a municipal corporation. *Id.*

■ Employing careful attention to the statutory language of the FLSA, I do not believe that a plaintiff may assert claims under the WPCL on the basis of jurisdiction pendent to claims under the FLSA unless those claims are asserted on behalf of a party plaintiff who has filed a written consent. The FLSA expressly limits the parties who may assert federal claims to those who have filed consents, and the court, therefore, should not create pendent-party jurisdiction as to plaintiffs for whom Congress has not provided a federal forum. This court, absent diversity jurisdiction, appears to have no power to entertain WPCL claims on behalf of parties who do not assert FLSA claims. To the extent that the court may have any such power, I exercise my discretion to decline pendent jurisdiction over any WPCL claims on behalf of parties who do not assert FLSA claims by filing consent. Nevertheless, pendent jurisdiction is appropriate over WPCL claims on behalf of anyone who files a written consent to become a party plaintiff in the FLSA claims. Accordingly, notice to the class members shall inform them of both the FLSA claims and the WPCL claims and instruct them that they must file a written consent to become a party to both the FLSA and WPCL claims in this action.

### III. *Defendants' Motion to Strike the First Amended Complaint*

Defendants have moved to strike plaintiff's First Amended Complaint for failure to comply with Local Civil Rule 27, which lists the allegations required in a class action complaint. Although the First Amended Complaint is not technically in compliance with Rule 27, sufficient class action allegations are set forth separately in Count III of the First Amended Complaint. Plaintiff need not further amend her complaint to place the specified heading over those allegations.

### IV. *Conclusion*

For the reasons stated above, notice will be sent to parties similarly situated to the

---

**2.** Under diversity jurisdiction, a class action may proceed in federal court as long as the diversity requirement is satisfied as between the representative parties; there need not be complete diversity between the defendants and all plaintiff class members. *See Supreme Tribe of*

*Ben Hur v. Cauble,* 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921). The amount-in-controversy requirement, however, must be met by each member of the class. *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).

plaintiff. Defendants will be ordered to produce a list of such persons. Plaintiff and defendants will be directed to attempt to reach agreement as to the identity of persons similarly situated and as to the form of notice to be submitted for the approval of the court. Defendants' motion to strike the First Amended Complaint will be denied.

## ORDER

Upon consideration of plaintiff's motion for approval of class notice, defendants' motion to strike the First Amended Complaint and the supporting and opposing memoranda of law, for the reasons stated in the accompanying memorandum,

It is Ordered that:

(1) Plaintiff's motion for approval of class notice is granted in part and denied in part;

(2) Defendants' motion to strike the First Amended Complaint is denied;

(3) Counsel for plaintiff and counsel for defendants shall confer to attempt to reach agreement as to:

(a) the identity of persons "similarly situated" to plaintiff under 29 U.S.C. § 216(b); and

(b) the form of notice to be submitted for approval of the court;

(4) If counsel are unable to reach agreement under paragraph (3) of this order and submit a joint proposed form of notice within fifteen (15) days of the date of this order, plaintiff and defendants shall each file a proposed form of notice consistent with the accompanying memorandum within fifteen (15) days of the date of this order.